# Chambers, Appellant, v. McLean.

*Promissory notes—Accommodation note—Maker—Consideration—Act of May 16, 1901, P. L. 194.*

In an action by the payee of a promissory note against the two makers of the note, one of the makers cannot allege as a defense that he signed the note at the request of the payee and for the accommodation of the payee, and that no consideration whatever was paid to him by the payee for such signing. Delaware County Trust, etc., Co. v. Haser, 199 Pa. 17, followed.

Argued Dec. 17, 1903. Appeal, No. 233, Oct. T., 1903, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1903, No. 4112, discharging rule for judgment for want of a sufficient affidavit of defense in case of Martha B. Chambers v.

Calvin B. McLean, administrator of Samuel Daggy, Deceased, and I. W. Huckins. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit by a payee against the two makers of a promissory note.

The defendant, I. W. Huckins, filed an affidavit of defense in which he averred as follows :

" That he signed the promissory note upon which suit is brought at the request of the plaintiff, Martha B. Chambers, and for her accommodation, and that no consideration whatever was paid to him by the said Martha B. Chambers for such signing, and that he is advised and informed that by virtue of his having signed as accommodation maker for the said Martha B. Chambers he cannot be held liable for any sum whatever in a suit by the said Martha B. Chambers on the said note."

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Alfred N. Keim,* with him *Carroll R. Williams,* for appellant.—It will be observed that the affidavit of defense does not aver either: (*a*) That no consideration passed between his comaker (Daggy) and the payee (Chambers) ; (*b*) that he (Huckins) was not requested by his comaker (Daggy) as well as by the payee, to become a comaker of the note ; or (*c*) that he (Huckins) signed as comaker in order that the payee might negotiate said note to third parties, and that no liability was ever intended to flow from the makers of the note to the payee in consequence of the giving of the note to the payee, and while the same remained in the hands of the payee.

In the absence of these averments it is submitted that the defendant (Huckins) is clearly liable to the payee (appellant) as well as the defendant (Daggy), against whom the court below entered judgment: Del. County Trust, etc., Co. v. Haser, 199 Pa. 17.

*Chester N. Farr, Jr.,* for appellees, cited : Com. v. Fleming,

157 Pa. 644; Moore v. Baird, 30 Pa. 138; Lord v. The Ocean Bank, 20 Pa. 384; Bolles on Negotiable Instruments in Pennsylvania, p. 231.

OPINION BY HENDERSON, J., March 14, 1904:

The appellee and Samuel Daggy gave their promissory note to the plaintiff. The note is regular in form and recites a valuable consideration, and both of the signers appear as makers. There is therefore a clear prima facie liability. The appellee seeks to avoid payment on the allegation that he was an accommodation maker; that he signed the note at the request of the plaintiff and for her accommodation, and that no consideration was paid him by her for such signing. It is not alleged that no consideration passed from the plaintiff to either of the makers, or that the appellee did not sign the note at the request of Daggy, or that he signed it solely at the request of the plaintiff in order that she might negotiate the note to third parties. An accommodation note is a loan of the credit of the maker to the payee. It does not follow, because the appellee signed the note at the request of the plaintiff and that no consideration was paid to him for so doing, that no liability arises. In very many instances notes are signed at the request of the payees by persons who do not receive the money thereon, but who sign to give additional credit to the real principal, the consideration passing from the payee to the principal debtor, the credit so given being a sufficient consideration for the signatures of all the makers. The 29th section of the Act of May 16, 1901, P. L. 194, declares that "an accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." If it was the understanding of the parties to the note that the appellee only signed for the purpose of lending his credit to the payee, and that his relation to the note was as an accommodation maker solely, that fact should have been specifically set forth to meet the clear presumption arising from the note itself. The note was executed by the appellee as a maker, and the rights and liabilities of the parties

were fixed by the position which the obligors assumed in attaching their names thereto. Their position on the paper determines the character of their responsibility. "Nor does the fact that he was an accommodation maker and so known to the plaintiff, who is a holder for value, give him the rights of an indorser or surety, or change his responsibility for the indebtedness from what it would be as a maker for value." Delaware County Trust, etc., Co. v. Haser, 199 Pa. 17. It was held in the case cited that " it may now be considered as well settled in this state that one who signs a note as maker, though he does it merely for the accommodation of the payee or the indorser, thereby places himself in the situation of a principal, and will not be allowed to escape the consequences of his action by subsequently alleging that he was but a surety. . . . The relation created by the maker is that of principal debtor, and his rights and liabilities are the same whether the accommodation is for the payee in the note or for a third person. The liability of the maker does not depend upon the person for whose accommodation the note is made, but upon the situation in which the maker has placed himself by assuming the position of a principal debtor." Having elected to become a maker, the party so doing is bound according to the terms of his written obligation, and this accords with the 20th section of the act of May 16, 1901: " The maker of a negotiable instrument by making it engages that he will pay it according to its tenor."

The provision of section 28 of the act that "absence or failure of consideration is a matter of defense against any person not a holder in due course " does not change the law as existing before the enactment of the statute. It applies to the consideration of the note and was not intended to apply to the case of one or more makers of a joint obligation, the consideration for which passed to another maker or makers of the same note.

In the light of Delaware County Trust, etc., Co. v. Haser, supra, and the act of May 16, 1901, we consider the affidavit of defense filed insufficient. The judgment is therefore reversed and the record remitted to the court below, with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.