# Umstad *v.* McNamara, Appellant.

*Promissory notes—Accommodation maker—Guarantor—Affidavit of defense.*

1. In an action on a promissory note against the two makers, an affidavit of defense by one of the defendants is insufficient, which avers that he signed the note for the accommodation of the other maker, and that he signed as a guarantor. If he signed as an accommodation maker, he was liable as a principal; if he signed as a guarantor, he should set forth the facts to establish the guaranty.

2. One who wishes to prevent judgment in a suit upon a note, must present a defense which is unambiguous, and which clearly sets forth a state of facts which upon equitable principles entitles him to relief.

Argued Dec. 11, 1914. Appeal, No. 113, Oct. T., 1914, by defendant Robert Greig, from order of C. P. No. Phila. Co., March T., 1914, No. 722, making absolute rule for judgment for want of a sufficient affidavit of defense in suit of George B. R. Umstad v. J. J. McNamara and Robert Greig. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the facts.

*Error assigned* was order making absolute rule for judgment.

*J. G. Kaufman,* of *Robinson, Marsh & Kaufman,* for appellant.

*J. Frank Staley,* with him *John R. Cassel,* for appellee.

OPINION BY TREXLER, J., May 14, 1915:

The court entered judgment for want of a sufficient affidavit of defense. The suit was on a promissory note which the defendant and another had signed. In his affidavit he states, "I agreed to affix my signature and did affix my signature in sole dependence and upon the express understanding and agreement with the plaintiff that I was to do so solely for the accommodation of the said J. J. McNamara (the other signer), and as guarantor. I deny that I ever affixed my name to said note as a joint maker thereof. I signed merely as a guarantor." To overcome the clearly evidenced purport of the paper, the defendant offers an ambiguous statement. He asserts first that he signed the note solely for the accommodation of the other maker, second, that he signed as guarantor. The note expresses an indebtedness due by both jointly. Whether it was the understanding that the relation of the defendant was that of accommodation maker or of guarantor, whichever it was, the fact should have been specifically set forth to meet the clear presumption arising from the note itself: Chambers v. McLean, 24 Pa. Superior Ct. 567. If the note was given as stated, solely for the accommodation of the other maker, as between them the duty to pay the note would be upon the party accommodated

but this would in no wise change the liability of both to the payee as joint makers of the note. The maker of a negotiable instrument by making it engages that he will pay it according to its terms: Act of May 16, 1901, P. L. 194, sec. 60. When he presents two phases of the contemporaneous agreement one entirely consistent with the prima facie of the note and the other inconsistent with it, the former must of necessity prevail.

One who wishes to prevent judgment in a suit upon a note must present a defense which is unambiguous and which clearly sets forth a state of facts which upon equitable principles entitles him to relief.

The liability of an accommodation maker is well settled: Del. Co. Trust, etc., Co. v. Haser, 199 Pa. 17; Chambers v. McLean, 24 Pa. Superior Ct. 567; sec. 29, Act of May 16, 1901, P. L. 194.

The assignments of error are overruled and the judgment is affirmed.