United Refrigerator Company, Appellant, *v.* Applebaum.

Argued January 15, 1963. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Mervin J. Hartman*, with him *William W. Cohan*, and *Zoob, Cohan & Matz*, for appellant.

*Irvin J. Kopf*, with him *Paul Silverstein*, for appellees.

OPINION BY MR. JUSTICE COHEN, March 19, 1963:

Appellees, Herbert and Judith Applebaum, officers of the Economy Home Food Service, Inc. (Maker), issued several checks bearing the name of the Maker to appellant-United Refrigerator Company (Payee). Appellees signed the face of these checks in their capacity as officers of the Maker and endorsed the back of the checks as individuals.[1]

Payee brought an action of assumpsit on these instruments against appellees in their capacity as individuals, alleging that appellees endorsed said checks for value received; that the checks were presented to the Maker's banks which refused payment because of insufficient funds; that notice of presentment and dishonor was given to appellees and demand for payment made; and that appellees have refused to make payment.

Appellees' answer to the complaint averred, inter alia, that they had "endorsed . . . said checks, *solely* as an accommodation endorser for the benefit of [Payee], and that . . . [they], did not receive any value or consideration whatsoever. . . ." (Emphasis supplied). Payee's motion for judgment on the pleadings was denied and an appeal to this Court followed.

Section 3-415 of the Uniform Commercial Code provides that: "(1) An accommodation party is one who

---

[1] Some of the checks were endorsed by Herbert Applebaum and some by Judith Applebaum. None of them were jointly endorsed.

signs an instrument in any capacity for the purpose of lending his name to another party to it. . . . (5) *An accommodation party is not liable to the party accommodated. . . .*" Act of April 6, 1953, P. L. 3, §3-415, as amended by Act of October 2, 1959, P. L. 1023, §3, 12A P.S. §3-415(1)&(5) (1962 Supp.). (Emphasis supplied).

Under section 3-415(5) of the Code, if Payee is found to be the party accommodated then appellees, as accommodation parties,[2] would not be liable to Payee on the instrument. Thus the only question before us is whether the lower court correctly denied Payee's motion for judgment on the pleadings on the ground that appellees' answer properly raised the issue of fact that Payee is the party accommodated.[3] We agree with the court below.

Since the defense is based upon the very unusual circumstance of an accommodation endorsement being made for the Payee's behalf—instead of the normal arrangement where the maker is the party accommodated —it would have been better practice for appellees to have alleged in their answer the reason why they had

---

[2] There is no question that appellees are accommodation parties under section 3-415(1) of the Code.

[3] We fail to see where the allegation and denial of consideration adds anything to this case. If the Maker is deemed to be the party accommodated, then the Payee is entitled to payment of the amount of the checks even in the absence of consideration. And if the Payee is deemed to be the party accommodated, then any suit against appellees (accommodation makers) must be based upon a separate agreement supported by consideration. However, Payee's complaint seems to be grounded solely upon the instrument and if there is any separate agreement, the bare allegation of consideration in its complaint does not make clear the nature of this agreement. Since we hold that the other part of the pleadings raises an issue for trial, we need not discuss this point any further except to express our confusion over the allegation of consideration.

endorsed said checks. Nonetheless, under 1019(a) of the Pa. Rules of Civil Procedure, appellees' answer satisfies the requirement that "The material facts on which a . . . defense is based shall be stated in a concise and summary form." Under this simplified rule of pleading it is only necessary to plead the ultimate facts upon which a defense is based—which appellees have done—and not evidentiary facts. Moreover, the lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement. Goodrich-Amram §1019(2)-10&11.

Payee relies on *Chambers v. McLean,* 24 Pa. Superior Ct. 567 (1904) to support its position. Although we think that *Chambers* took too strict a view of pleading,[4] nevertheless that case is distinguishable. In *Chambers,* the Superior Court was concerned with the vague allegations of the defendant that his accommodation endorsement was made for the benefit of the payee. Since an accommodation for the maker also accrues to the benefit of the payee, the court felt that the defendant's pleading did not exclude the more likely possibility that the endorsement was made primarily for the benefit and at the behest of the maker. However, in the instant case the restrictive language contained in appellees' answer, i.e., "endorsed . . . said checks, *solely* as an accommodation endorser for the benefit of [Payee]," specifically precludes this possibility and therefore raises an issue of fact to be resolved at trial. (Emphasis supplied).

Order affirmed.

---

[4] The *Chambers* case was decided eleven years before the Practice Act of 1915 was enacted, and Rule 1019(a), supra, was based upon the language of this Act.