## C-E Glass v. Ryan

*Theodore F. Huckestein, Jr.,* for plaintiff.
*Mark A. Senick,* for defendant.

KLEIN, *J.,* July 24, 1975—We have before us defendant's preliminary objections to plaintiff's complaint. They are in the nature of (1) a demurrer and (2) a motion for a more specific pleading.

The matter is before us largely because of the recurring confusion in pleading actions in assumpsit (1) on an open or book account and (2) on an account stated. The instant case is a perfect example.

In its complaint, plaintiff alleges that it ". . . sent statements each and every month . . . without exception so as to constitute *an account stated.*" In the preceding paragraph of the complaint, plaintiff avers that it ". . . sold and delivered goods . . . at the times, in the amounts, of the kinds and for the prices set forth in the invoices *or* statement of account prepared in the ordinary course of plaintiff's business. . . . Exhibit A. Exhibit A is nothing more than a monthly statement of account showing an allegation of amounts due for four invoices, dates of invoices and lump sum amounts for each of the invoices and total balance due. It contains nothing about the kinds of goods or the amounts charged for each. . . ." (Emphasis supplied in quotes.)

In the very first sentence of its brief, plaintiff states under the heading, "Statement of Facts":

"Plaintiff commenced this action against the defendant . . . for goods sold and delivered on an *open running book account.*" (Emphasis supplied.)

Later in the same paragraph an account stated is mentioned. And then every single case cited by plaintiff in its brief deals with actions in assumpsit on *an account stated.*

Likewise, defendant in his brief in support of the preliminary objections offers similar "ambidexterity." With regard to the demurrer, defendant speaks to the issue of an account stated. As to its motion for a more specific pleading, it discusses the matter of an open book account.

Only one cause of action is pleaded in the complaint. Where appropriate, causes of action may be pleaded in the alternative, Pa. R.C.P. 1020(c). We also recognize that, where the essential facts exist, an open running book account may be converted into an account stated. However, something more than mere acquiescence by failure to take exception to a series of statements of account received in the mail is required. A "statement of account" in business dealings and an "account stated" in law are not synonymous. Apparently, there were four transactions between the parties over a period of approximately seven months and plaintiff alleges that "it sent defendant statements each and every month for several months." This is insufficient to establish an account stated.

"An account stated must be based on a subsisting debt, and, it is said, must arise from a pre-existing account or course of dealings between the parties.": 1 P.L. Encyc., Accounts, §3.

"To produce an account stated, the account must be rendered, and the other party must accept, agree to or acquiesce *under such circumstances as to import a promise of payment* on the one side and

acceptance on the other.": 1 P.L. Encyc., Accounts, §4. (Emphasis supplied.)

Where assent is inferred from the mere lapse of time, the cases indicate that there has also been shown a course of dealing, where the rendering of accounts is an accepted method of adjustment over a period of time and involving an extended series of transactions between the two parties to the suit. See McKinney v. Cump, Inc., 4 Adams 131 (1961).

From the instant complaint, we can only determine that there were four transactions between the parties over a seven-month period and only one statement of account rendered several times. At the very least, it seems that there ought to be an allegation of response(s) by payment or promise of payment to previously rendered accounts when relying on mere acquiescence in order to establish the requisite course of dealing.

So far as pleading is concerned, in an action upon an account stated, it is not necessary to show the nature of the original transaction or indebtedness or to set forth the items entering into an account: 1 P.L. Encyc., Accounts, §7.

Proper pleading in an action upon an open book account, however, requires that the attached account be more than an unintelligible list of figures, but must be clear and definite charges, not lumped but itemized, showing the nature of the transactions: 1 P.L. Encyc., Accounts, §2. See also Molder v. Xillas, 22 Beaver 74 (1960); Petrie v. Patterson, 24 Beaver 114 (1962); Cove v. Ferguson, 25 Beaver 16 (1963); and Gulf Oil Corp. v. Dooley, 27 Beaver 20 (1965).

For these reasons, we make the following

## ORDER

And now, July 24, 1975, it is ordered, adjudged and decreed that defendant's preliminary objections be, and they are hereby sustained. Leave is hereby granted to plaintiff to file an amended complaint within 20 days from date hereof, with pleading consistent with the foregoing opinion.