## Miller v. Harleysville Insurance Company

*Allan M. Horwitz,* for plaintiff.
*Raymond J. Peppelman, Jr.,* for defendant.

TAKIFF, *J.,* May 29, 1979—Presently before the court are the preliminary objections of defendant Harleysville Insurance Company to plaintiffs' complaint.

This is an action in assumpsit[1] to compel the payment of overdue "no-fault" benefits to plaintiff Lois Miller. See Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. Plaintiffs assert in their complaint that following an automobile accident on December 16, 1976, plaintiff Lois Miller suffered losses compensable under the act, and that some no-fault benefits were paid by defendant. However, plaintiffs further claim that benefit payments have since ceased despite additional losses and repeated demands for payment.

The instant preliminary objections, in the nature of a motion for a more specific pleading, request an order requiring plaintiffs to amend their complaint to (1) indicate the amount claimed as medical expense and the treating physicians; (2) indicate the amount claimed as work loss and the name of the employer; (3) indicate the amount claimed as replacement services loss and the person providing such services; (4) supply the dates upon which de-

---

1. We observe that the present action was commenced by complaint rather than by petition and rule. Compare, Long v. Rockwood Insurance Co., 5 D. & C. 3d 457, 1 P.C.R. 141 (1978).

fendant was notified by plaintiffs of the losses; and (5) supply copies of such notices.

The general standard to be applied in determining the sufficiency of the allegations in a complaint is set forth in Pa.R.C.P. 1019(a): "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." This language has been interpreted to require averment of all the relevant facts that plaintiffs must eventually prove in order to recover, with sufficient specificity to enable the defendant to prepare his defense: Baker v. Rangos, 229 Pa. Superior Ct. 333, 324 A. 2d 498 (1974). Only ultimate facts, and not evidence, need to be pleaded: United Refrigerator Company v. Applebaum, 410 Pa. 210, 189 A. 2d 253 (1963).

The No-fault Act provides for the payment of benefits on a monthly basis as "allowable" (medical) expenses, work losses, and replacement services losses are sustained. Benefits are overdue if not paid within 30 days after receipt by the obligor of a submission of reasonable proof of the fact and amount of loss: 40 P.S. §1009.106(1),(2); see Whiting v. Nationwide Insurance Co., 2 P.C.R. 126 (1979). Hence, plaintiffs' instant cause of action for overdue benefits did not accrue until 30 days had elapsed after receipt by defendant of reasonable proof of allowable losses. Therefore, plaintiffs, to be successful, will be required to prove each loss, sufficient notice to defendant of each loss, and defendant's improper failure to pay allowable benefits within 30 days of receipt of appropriate notice.

In these circumstances defendant is entitled to a specific enumeration of each claimed loss along with the respective dates of notice thereof. These facts are necessary for defendant to intelligently respond to the complaint. "[D]efendants, in order to

prepare their defense, are entitled to full items of damage, dates, specific statements and distinct particulars, and the complaint should show how the damages were ascertained: Borough of Kingston v. Luzerne Anthracite, Inc., 38 Luz. 197, 202." Weingrad v. Fischer & Porter Co., 47 D. & C. 2d 244, 248 (1968).

We will not require that copies of each notice of loss purportedly given to defendant be appended to the amended complaint. Such a requirement would be unduly cumbersome, and burdensome for plaintiffs to assemble. Further, the notices are evidentiary in nature, and can be obtained through discovery proceedings, if appropriate. The specific averments of dates of the alleged notices and identification of the losses to which they pertained should be adequate to permit defendant to prepare a responsive pleading.

Wherefore we enter the following

## ORDER

And now, May 29, 1979, upon consideration of the preliminary objections of defendant Harleysville Insurance Company, and plaintiffs' answer thereto, it is hereby ordered and decreed that said preliminary objections are sustained in part and overruled in part. Plaintiffs are given leave to file, within 20 days of the date of this order, a more specific complaint alleging: (1) the amount of "allowable expenses" claimed and the name(s) of the physician(s) or other health care provider(s) involved; (2) the amount of "work loss" claimed and the name(s) of the employer(s) involved; (3) the amount of "replacement services loss" claimed and the name(s) of the person(s) providing such

services; and (4) the date of each notice to defendant of an allowable expense or loss, along with identification of the allowable expense or loss claimed in the notice.

Upon failure to file an amended complaint as specified, plaintiffs' complaint shall be dismissed with prejudice.