## Rush's Service Center Inc. v. Genareo

*William R. Balph,* for plaintiff.
*Alfred V. Papa,* for defendant.

PRATT, *J.,* June 24, 1991—Now before the court are the preliminary objections of defendant, Ralph Genareo, to the amended complaint of plaintiff, Rush's Service Center Inc. Rush's Service Center brings this action claiming that between the beginning of 1989 and the end of June 1990, defendant had purchased $10,684.71 worth of diesel fuel on credit at defendant's place of business and an unpaid balance of $6,684.71 remains outstanding.

Earlier in the proceedings defendant had objected to plaintiff's original complaint on the basis of a lack of specificity. The court sustained the objection and, in response to the court's ruling, plaintiff filed its amended complaint. To this amended complaint, defendant has filed further preliminary objections which are also based on a lack of specificity.

In the preliminary objections now before the court, defendant again complains of the lack of time and place of the contract, and of the lack of itemization of materials and supplies sold under that contract. Although not material to our holding, we do note that as to the place of the contracting, in paragraph number three of the amended complaint,

plaintiff does specify that the sales occurred at plaintiff's place of business.

With respect to defendant's complaints, if this were a simple action in contract, we would be inclined to again sustain defendant. However, while this is an action in assumpsit, it is not an action in simple contract. What it is, instead, is a suit brought upon an account stated.

The idea behind an action upon account stated is that a preceding contract has been discharged and merged into a stated account which is based upon the earlier contract. *McKinney v. Earl L. Cump Inc.,* 2 Adams Leg. J. 132 (1961). The necessary averments in a complaint based upon an account stated is that there had been a running account, that a balance remains due upon that account, that the account has been rendered unto the defendant, that the defendant has assented to the account and a copy of said account is attached to the complaint. *Ryon v. Andershonis,* 42 D.&C. 2d 86 (1967). See also, *Fischer v. Hyland Davry Co.,* 56 Luzerne Leg. Reg. 255 (1966). This much has been provided by plaintiff's complaint.

The complaint need not set forth the nature of the original transaction. *Fischer, supra; Erie Insurance Exchange v. Foltz,* 34 Beaver L.J. 61 (1974). Neither is the subject matter of the original debt nor a promise to pay necessary. *McKinney, supra.* The alleged facts upon which the averred acceptance of the account is based are also not obligatory in the complaint. *Snyder v. Blain,* 49 Luzerne Leg. Reg. 1 (1959). The acceptance need not be express, but may be implied. *Fischer, supra; Donahue v. Philadelphia,* 157 Pa. Super. 124, 41 A.2d 579 (1944).

The party relying upon the account stated need not individually set forth the items of which the account consist. *Fischer, supra; Erie Insurance Exchange, supra.* That is to say that plaintiff is not required to itemize the account. *Weiner v. Gable,* 26 Lehigh L.J. 387, 69 York Leg. Rec. 119 (1955); *Knedler v. Clouse,* 53 Dauphin Rep. 228 (1943). Details of the book account upon which the claim is founded are not indispensable to the complaint. *Datto v. Corrizan,* 47 Lacka. Jur. 241 (1946).

Under the holdings of the foregoing cases, we do not find it necessary for plaintiff's complaint to specify the time and place of the original contract (which is the nature of the original obligation) or specify (i.e. itemize) the materials or supplies sold thereunder. Therefore, we will overrule defendant's objections, and we do so by our accompanying order of court attached herewith.

In closing, the court must say that it hopes, by providing the parties with this opinion, that it has given them a clearer vision of the nature of the cause of action at hand and the types of issues relevant to that cause of action so as to facilitate discovery, accommodate settlement or otherwise assist trial preparations.

ORDER

Defendant's preliminary objections to plaintiff's amended complaint filed on April 3, 1991 are overruled in accordance with the appended opinion.