## Capital One Bank (USA) NA v. Clevenstine

*Paul J. Klemm Jr.,* for plaintiff.
*Carl Mollica,* for defendant.

RUEST, *J.,* January 30, 2009—Presently before the court are the preliminary objections of defendant Patricia L. Clevenstine. Oral argument was scheduled for January 23, 2009. Plaintiff's attorney failed to appear. Both parties submitted briefs. After consideration of the parties' briefs, the court determines the preliminary objections of defendant are sustained in part and overruled in part.

### BACKGROUND

Plaintiff initiated this cause of action by filing a complaint on September 29, 2008. Defendant filed preliminary objections to the complaint. An amended complaint

was filed on December 1, 2008. Defendant filed preliminary objections to the amended complaint. The complaint arises out of a Capital One credit card allegedly issued to defendant. Defendant is alleged to be in default on the account for failing to make payment on or about September 9, 2006 and to have accumulated an unpaid balance of $6,108.03.

## DISCUSSION

### I. *Failure of a Pleading To Conform to Law or Rule of Court—Pa.R.C.P. 1028(a)(2)*

In a credit card suit, a creditor must "attach the writings which assertedly establish [the creditor's] right to a judgment." *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340, 345 (Pa. Super. 2003). Defendant maintains plaintiff's complaint should be dismissed because it does not include the writings which form the alleged contractual relationship between the parties and doesn't explain their absence. Plaintiff maintains it has satisfied the requirements of Pa.R.C.P. 1019(i) by attaching a copy of a customer agreement to the complaint. Pa.R.C.P. 1019(i) states "when any claim or defense is based upon a writing, the pleader shall attach a copy of the writing." Under this rule, written agreements are considered "writings." Plaintiff maintains its claim is based upon the attached customer agreement. Defendant maintains this "agreement" is not signed by defendant and is dated 2002. Plaintiff avers defendant entered into the agreement with Capital One in 2006.

Plaintiff has not attached the relevant writing to establish its claim against defendant, instead attaching a copy

of a customer agreement from seven years ago. Plaintiff has not attached defendant's original credit application or a statement averring that it lacks access to any or all of the relevant writings. The undated and unsigned customer agreement, dated 2002, may reflect the terms of the original agreement between defendant and Capital One, but the unsigned customer agreement is insufficient to establish plaintiff's claim.

Defendant's preliminary objection is sustained.

## II. *Insufficient Specificity in a Pleading— Pa.R.C.P. 1028(a)(3) and 1028(a)(4)*

Defendant argues plaintiff's complaint is insufficiently specific because it does not meet the requirements of Pa.R.C.P. 1019(a) and (f). Plaintiff maintains it has pled facts with sufficient specificity to allow defendant to answer the complaint.

In determining sufficiency of the pleadings in a complaint, the court will consider "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006). Pa.R.C.P. 1019(a) states that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(f) states that "[a]verments of time, place and items of special damage shall be specifically stated."

Plaintiff avers that defendant owes $6,108.03 for charges made under a credit agreement with a credit card.

The court has previously held that "[a] defendant is entitled to know the dates on which individual transactions were made, the amounts therefore and the items purchased to be able to answer intelligently and determine what items he can admit and what he must contest." *Remit Corporation v. Miller,* 5 D.&C.5th 43, 48 (Centre Cty. 2008); accord *Marine Bank v. Orlando,* 25 D.&.C.3d 264 (Erie Cty. 1982). Plaintiff has met this requirement by attaching several Capital One monthly billing statements bearing defendant's name, dating from the opening of the account to the present, and reflecting individual charges and fees. Plaintiff has attached all statements which illustrate how it has arrived at the amount that it claims is due from defendant.

Defendant's preliminary objection is overruled.

### III. *Motion To Strike/Insufficient Specificity of Pleading—Pa.R.C.P. 1028(a)(3)*

Plaintiff avers defendant owes a principal sum of $6,108.03 on a book account, and that defendant owes plaintiff for goods sold and delivered. Plaintiff also avers that defendant owes it based on an account stated theory. Defendant maintains this averment is insufficient to plead an account stated cause and, even if it were, an account stated theory is inappropriate in a credit card case.

An account stated is "an account in writing, examined and expressly or impliedly accepted by both parties thereto as distinguished from a simple claim or a mere summary of accounts." *Target National Bank/Target Visa v. Samanez* (Allegheny Cty. 2007); *Target National Bank/ Target Visa v. Celesti* (Allegheny Cty. 2007); P.L.E. 2d

Contracts §512, 9-10 (2008). An account stated is appropriate where the parties have an ongoing relationship and the substance of their conversations is averred in the complaint.

Plaintiff has not set forth sufficient facts regarding defendant's agreement to either the total amount due and it has not set forth facts which show, in addition to alleged receipt of monthly statements without objection, that defendant has agreed to pay the amount plaintiff claims is owed. Plaintiff appears to be relying on defendant's silence to prove acquiescence to an account stated. This is not a permissible use of the account stated. An account stated is more appropriately pled in a situation in which two equal, sophisticated parties have an ongoing business relationship. An account stated theory is not appropriate in a credit card account case.

An account stated was traditionally a promise by a debtor to pay a stated amount of money which the parties expressly agreed was owed, in satisfaction of a preexisting debt. *29 Williston on Contracts 4th* 73:55. When a debtor has had an opportunity to scrutinize the account, his or her silence is prima facie evidence of acquiescence in an account stated. *Pierce v. Pierce,* 199 Pa. 4, 48 A. 689 (1901), but something more than mere acquiescence by failing to take exception to a series of statements of account received in the mail is required to create an account stated. 13 P.L.E.2d Contracts §513 at 11-12 (2009), citing *C-E Glass v. Ryan,* 70 D.&.C.2d 251 (Beaver Cty. 1975).

An account stated theory may have been appropriate when credit card issuers gave cardholders fixed interest

rates and charged very few fees. With the proliferation of credit cards over the past two decades, however, interest rates have varied and fees have increased in number and severity. It is unreasonable to expect the average debtor to understand the changing terms of a customer agreement such that he or she can object to any invoice received in a timely manner. For many, the first and only time they will consider what is in the "fine print" is when they fall behind on payments and find themselves in a position like the one in which defendant now finds herself.

Defendant's preliminary objection is sustained.

Accordingly the following is entered:

## ORDER

And now, January 30, 2009, the following is ordered:

(1) Defendant Patricia L. Clevenstine's preliminary objections I and V are sustained.

(2) Defendant Patricia L. Clevenstine's preliminary objections II, III, and IV are overruled.

(3) Plaintiff's complaint is dismissed. Plaintiff shall have 20 days from the date of this order to file an amended complaint.