# Bongo v. Austin

450

*Brett J. Riegel,* for plaintiff.
*Joshua B. Goldberg,* for defendants.

SIBUM, *J.,* April 19, 2010—This matter is a custody action in which defendants have filed preliminary objections to plaintiff's complaint claiming lack of subject matter jurisdiction and insufficient specificity in a pleading. Plaintiff filed an answer to defendants' preliminary objections. The custody conference previously scheduled in this case was cancelled pending determination of defendants' preliminary objections. Both parties filed briefs and argued their respective positions before the court on April 5, 2010. The matter is now ripe for disposition.

## DISCUSSION

Pursuant to Pennsylvania Rule of Civil Procedure 1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including:

"(1) Lack of subject matter jurisdiction, and . . .

"(4) Insufficient specificity in a pleading." Pa.R.C.P. 1028(a)(1), (4).

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible

therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 638, 584 A.2d 403, 407 (1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Company v. Deshler,* 661 A.2d 481, 483 (Pa. Commw. 1995).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim." *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 337, 690 A.2d 719, 723 (1996) *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Company v. Appelbaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963).

Defendants' first preliminary objection is in the form of a motion to strike pursuant to Pa.R.C.P. 1028(a)(1) which authorizes preliminary objections for lack of jurisdiction over the subject matter of the action or the person of the defendant. Defendants argue that pursuant to 23 Pa.C.S. §5421(a)(1) the Commonwealth of Pennsylvania had to be the home state of the minor children within six months of the filing of the instant custody complaint and a parent or person acting as a parent had to continue to reside within the Commonwealth. Defendants also argue that plaintiff resides outside the Com-

monwealth of Pennsylvania and defendant Sarah Austin is the only relevant party who continues to reside in Pennsylvania but is no longer acting as a parent since she does not have any formal partial custody rights. We disagree.

23 Pa.C.S. §5421 governs jurisdiction in initial child custody actions. Section 5421 provides, in relevant part, as follows:

"(a) General rule.—*Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:*

"(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

"(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

"(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

"(ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;

"(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

"(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2) or (3)."

Reviewing the facts of record in the light most favorable to plaintiff, the record reveals the following. The minor children who are the subject of this petition are Nicholas Bongo, born March 19, 2003, age 7, and Mason Bongo, born June 29, 2004, age 5. The children's biological father, Richard Bongo, currently resides in New Jersey. The biological mother, Sarah Austin, currently resides in Monroe County, Pennsylvania. Mother resided with the children in Pennsylvania from 2008 until September of 2009.

Pursuant to a court order at 218 OC 2009 dated December 12, 2009, the Honorable Jerome P. Cheslock of the Court of Common Pleas of Monroe County granted guardianship of Mason Bongo to Richard Talley and Claudette Austin-Talley who currently reside with the child in Lake Hopatcong, New Jersey. Pursuant to a court order at 219 OC 2009 dated December 12, 2009, the Honorable Jerome P. Cheslock of the Court of Common Pleas of Monroe County granted guardianship of Nicho-

las Bongo to Jesse Medina and Anne Marie Medina who currently reside with the child in Bomont, Texas.

Father filed a custody complaint in this court on January 15, 2010 seeking primary physical custody of the two minor children. At the time of filing, the children had relocated to New Jersey and Texas, respectively, approximately four months prior. Under 23 Pa.C.S. §5421, the Commonwealth of Pennsylvania was the home state of the children at the time the custody complaint was filed. At the time the action was commenced, Pennsylvania was the only state in which the children met the six-month residency requirement as set forth in 23 Pa.C.S. §5421(a)(1). However, as of the date of this decision, the children have continued to reside in their new states of residence, New Jersey and Texas, respectively, for more than six months thereby allowing New Jersey to assume jurisdiction over custody proceedings concerning Mason, and Texas to assume jurisdiction over Nicholas' custody action. Thus, the question becomes whether Pennsylvania is a more convenient forum in which to hear these matters.

23 Pa.C.S. §5427 addresses the issue of inconvenient forum in custody actions. It provides in pertinent part as follows:

*"(a) General rule.*—A court of this Commonwealth which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a

party, the court's own motion or request of another court.

*"(b) Factors.*—Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

"(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

"(2) the length of time the child has resided outside this Commonwealth;

"(3) the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

"(4) the relative financial circumstances of the parties;

"(5) any agreement of the parties as to which state should assume jurisdiction;

"(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

"(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

"(8) the familiarity of the court of each state with the facts and issues in the pending litigation."

Upon consideration of the factors set forth in section 5427, the court finds that Monroe County, Pennsylvania is not an inconvenient forum, and this court will assume jurisdiction of this matter. The children have lived outside of Pennsylvania for a relatively short period of time and relevant evidence pertaining to the children's best interests still exists here. Additionally, the distance to Texas makes it very burdensome on plaintiff to litigate custody in that location. Further, upon review of the guardianship records from the orphans' court proceedings held with respect to the children and the orders entered by Judge Cheslock, the court notes that the record is devoid of any evidence that plaintiff Father was ever served with notice of the guardianship proceedings. For these reasons, defendants' preliminary objection to jurisdiction in Monroe County, Pennsylvania will be denied.

Defendants' second preliminary objection is in the nature of a motion to strike for lack of specificity in a pleading. Pa.R.C.P. 1028(a)(3) provides that preliminary objections may be filed for insufficient specificity in a pleading. Defendants contend that the allegations in the complaint that plaintiff is a "fit, capable, ready, willing and able father" are not sufficiently specific to allow defendants to adequately answer the allegation in a responsive pleading and defend same at time of trial. We disagree. Without question, the allegations are capable of answer by defendants. Defendants have sufficient information from the assertion to prepare a defense to same. The preliminary objection for insufficient specificity in a pleading pursuant to Pa.R.C.P. 1028(a)(3) will be denied.

Accordingly, we enter the following order.

ORDER

And now, April 19, 2010, this matter having come before the court for argument on defendants' preliminary objections to plaintiff's complaint for custody filed in this court on January 15, 2010, defendants' preliminary objections are denied.