**CitiBank (South Dakota), N.A. v. Knepp**

C.P. of Clearfield County, no. 2010-1161-CD.

*Derek C. Blasker*, for plaintiff.
*John R. Lhota*, for defendant.

AMMERMAN, *J.*, October 6, 2010—This action is another in a litany of cases before this court involving an attempt to collect credit card debt. On July 6, 2010, plaintiff CitiBank (South Dakota), N.A. (hereinafter "plaintiff"), filed a complaint against defendant Jean E. Knepp (hereinafter "defendant"), seeking damages of $17,136.70.[1] On August 9, 2010, defendant filed preliminary objections to plaintiff's complaint, and on August 30, 2010, plaintiff filed a response to defendant's preliminary objections. On September 1, 2010, counsel for the parties appeared before this court for argument on said preliminary objections. At that time, plaintiff's counsel provided a brief to the court, and defense counsel was directed to file a letter brief within twenty days, which it has.

Defendant raises two preliminary objections to plaintiff's complaint. Both preliminary objections pertain to perceived violations of rule 1019 of the Pennsylvania Rules of Civil

---

1. The court notes that nowhere in its complaint does plaintiff actually aver that there was a default, entitling it to judgment. In paragraph 7 of its scant eight-paragraph complaint, it mentions, almost in passing, that statements were retained "without payment."

Procedure. First, defendant claims plaintiff failed to attach to the complaint documentation of a payment agreement. Second, defendant objects to plaintiff's failure to attach to the complaint documentation supporting the amount claimed. Plaintiff responds that such documentation is not necessary, as the instant action is one based on an account stated cause of action, not breach of contract. Therefore, exhibit A, a copy of defendant's December 2009 credit card statement, is sufficient.

Before the court addresses the merits of the preliminary objections, it briefly examines the nature of an account stated. An account stated is "an account, in writing, examined, and accepted by both parties." 16 Summ. Pa. Jur. 2d Commercial Law § 8:10 (2010). It is based on an existing debt and arises from a pre-existing account or course of dealings between the parties. *Id.* Therefore, to state a cause of action based on an account stated, a plaintiff must show the account was rendered and the other party accepted, agreed to or acquiesced to the account's accuracy. *C-E Glass v. Ryan*, 70 Pa. D. & C. 2d 251 (C.P. Beaver 1975) (quoting 1 P.L. Encyc., Accounts, § 4). Such assent may be either express or implied. *Rush's Service Center, Inc. v. Genareo*, 10 Pa. D. & C. 4th 445 (C.P. Lawrence 1991).

In this case, plaintiff avers it mailed billing statements to the defendant on a monthly basis, complaint at ¶ 6, and that defendant had made payments on said account for "many months." *Id.* at ¶ 7. Plaintiff argues the end result of the above two actions was an account stated. In its brief, it lists several cases in which courts have held this is sufficient to state a cause of action as an account stated. The court notes these cases are all trial court opinions or decisions

from other states, and while they may be persuasive, they certainly are not binding on this court. Additionally, there are decisions in which the exact opposite is found. See, e.g., *Am. Express Centurion v. Decker*, 9 Pa. D. & C. 5th 299 (C.P. Centre 2009); *Target Nat'l Bank v. Kilbride*, 10 Pa. D. & C. 5th 489 (C.P. Centre 2010); *Capital One Bank (USA) N.A. v. Clevenstine*, 7 Pa. D. & C. 5th 153 (C.P. Centre 2009).

The only thing apparent from the decisions is that there is no consensus as to what is sufficient, with one exception – merely receiving a statement in the mail and not objecting to its contents is not acquiescing. *C-E Glass v. Ryan*, supra, at 253. Ordinarily, in cases such as these, appending one monthly billing statement to a complaint will be ineffective. Here, plaintiff went a step, albeit a small one, further. It also avers that defendant "had for many months made payments on account of the billing statement." Complaint at ¶ 7. Therefore, the question for this court is whether such a generalized allegation is enough to push plaintiff's case over the threshold. The court finds it is not.

Pennsylvania is a fact-pleading state. The purpose of the pleading rules is to put the defendant on notice of what charges she is to defend herself against. Plaintiff's generic complaint hardly accomplishes this. First, there is nothing to indicate how often or even when defendant last made a payment on the account. The last payment could have been last week, last month, last year, or earlier. When the latest payment was made is important in determining whether defendant assented to the billing statement plaintiff contends is an accurate rendering of the account. For instance, if the last payment occurred in June 2009,

the court would be hard-pressed to find that the defendant assented to December 2009 billing statement attached as exhibit A of plaintiff's complaint, especially in light of the fact that no payments had been made in six months. The six-month lapse in making payments could, very well, be the result of defendant contesting the amount allegedly due. Therefore, there would be no assent on which an account stated could be based. On the other hand, if the defendant had made a payment in November, it would be easier for the court to conclude she agreed with the statement as presented.

Likewise, it is equally important to know with what regularity, if any, such payments were made. The plaintiff simply avers "many payments" were made. The number of payments and the time span during which such payments were made is essential in determining if there was a course of dealing between the parties, which resulted in an account stated. In *C-E Glass v. Ryan*, supra, the court held that four transactions over a period of seven months was not sufficient despite the fact that plaintiff mailed monthly statements to defendant. It also pointed out: "[a] 'statement of account' in business dealings and an 'account stated' in law are not synonymous." *Id*. Essentially, plaintiff is asking this court to recognize an account stated based on one billing statement and brief mention that "many payments" had been made at some undetermined time. This is not the sort of fact pleading required in Pennsylvania to put defendant on notice of the charges against her. Nor does merely labeling a cause of action as one based on an account stated make it so.

Plaintiff is not, at this stage at least, required to set forth a detailed list of transactions and charges. *See Genareo*,

supra, at 447-48. As plaintiff correctly points out, this would require it to plead evidence not facts, which is not required or even permitted under the rules. Additionally, plaintiff is not seeking special damages, which must be specifically pleaded.

Plaintiff is, however, required to state a valid cause of action and plead sufficient facts to put defendant on notice of the allegations against her so that she can prepare a defense. The mere attachment of one billing statement and an averment that defendant made "many payments" sometime does not establish that she acquiesced, forming an account stated.

Based on the foregoing reasons, the court enters the following:

## ORDER

Now, October 6, 2010, upon consideration of the parties' arguments, it is the order of this court that defendant's first preliminary objection to plaintiff's complaint be and is hereby granted. Plaintiff shall file an amended complaint within no more than twenty (20) days from this date. Defendant's second preliminary objection be and is hereby denied.