US Bank National Assoc. ND v. Seeley

*Yale D. Weinstein,* for plaintiff.
*Doane B. Seeley,* pro se.

MILLER, *J.*, January 26, 2011— US Bank ("plaintiff") filed a complaint on October 4, 2010, alleging it furnished consumer credit to Doane B. Seeley ("Seeley") by means of a credit card. Plaintiff alleged it kept accurate running records of all debits and credits to this account and mailed monthly statements to Seeley. Additionally, it asserted that Seeley made payments for many months on account of the billing statement or retained the statement without payment. Plaintiff claims relief on an account stated theory in the amount of $7,601.41.

Seeley, acting pro se, filed preliminary objections to plaintiff's complaint on November 9, 2010. He argues that plaintiff's complaint fails to conform to law or rule of court. He cites several deficiencies in his preliminary objections.

Pennsylvania Rule of Civil Procedure 1028(a)(2) permits a party to file preliminary objections for "failure of a pleading to conform to law or rule of court or inclusion of scandalous and impertinent matter." In considering preliminary objections, "all well-pleaded and material

facts averred in the complaint, as well as all reasonable inferences deductible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). However, we need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

First, Seeley argues that plaintiff has presented no itemized account showing all dates of charges, fees, credits and other charges pursuant to Pa.R.C.P. 1019(f). Rule 1019(f) states, "[a]verments of time, place and items of special damages shall be specifically stated." This is an incorrect basis for objection to the damages requested in plaintiff's complaint, which are general damages for monies owed under a credit card agreement. Pa.R.C.P. 1019(f) pertains to special damages which are defined as "[t]hose which are the actual, but not the necessary, result of the injury complained of...which do not arise from wrongful act itself, but depend on circumstances peculiar to the infliction of each respective injury." Black's Law Dictionary, 6th ed. (West's 1990). However, general damages are "damages that the law presumes follow from the type of wrong complained of." Black's Law Dictionary, 7th ed. (West's 1999). Since plaintiff alleges damages which follow the type complained of, that being an account stated theory from the use of a credit card, Pa. R.C.P. 1019(f) is inapplicable. Seeley's preliminary objection on this basis is overruled.

Second, Seeley argues that plaintiff's complaint fails to conform to law or rule of court pursuant to Pa. R.C.P. 1019(i) because it contains no signed contract or

agreement bearing his signature.

An account stated is "an account in writing, examined and accepted by both parties, which acceptance need not be expressly so, but may be implied from the circumstances." *Robbins v. Weinstein*, 17 A.2d 629, 634 (Pa. Super. 1941); *Citibank, (SD), N.A. v. Ambrose*, 13 Pa. D. & C. 5th 402 (Pa. Com. Pl. 2010). To properly plead the elements of an account stated requires that plaintiff must allege that there had been a running account, that a balance remains due, that the account has been rendered upon the defendant and that the defendant has assented to the account and that a copy of said account is attached to the complaint. *Rush's Service Center Inc. v. Genareo*, 10 Pa. D. & C. 4th 445, 447 (Pa. Com. Pl. 1991) (citation omitted). The acceptance need not be express but it may be implied from the circumstances. *Id.* (citation omitted)

Here, Seeley objects to plaintiff's complaint for failure to attach a signed contract or agreement to its complaint in violation of Pa.R.C.P. 1019(i). However, in this case, plaintiff does not plead an action based upon breach of contract; plaintiff's action is premised on an account stated theory. Furthermore, plaintiff has pleaded the requisite elements of an account stated. In accepting all well-pleaded and material facts averred in the complaint, as well as all reasonable inferences deductible therefrom, as true we find: plaintiff averred it furnished consumer credit to Seeley by means of a credit card; plaintiff kept accurate accounting records; plaintiff mailed monthly statements to Seeley for the account. and, plaintiff attached a copy of the most recent statement to its complaint. Plaintiff alleges Seeley had made payments for many months on account of the billing statement or retained the statement

without payment. Moreover, Seeley assented to the account by failing to object and retaining the statement of account. Based upon this pleading, we find that plaintiff has satisfactorily pleaded a cause of action for an account stated theory of recovery. Seeley's preliminary objection on this basis is overruled.

Next, Seeley complains that plaintiff's complaint lacks material facts on which the cause of action is based pursuant to Pa.R.C.P. 1019(a). Seeley does not specify the basis of his objection on these grounds.

In Pennsylvania, a plaintiff must state "the material facts on which a cause of action is based...in a concise and summary form." Pa.R.C.P. 1019(a). These facts must advise the defendant of the claim being asserted as well as the essential facts to support it. *Estate of Swift v. Northeastern Hospital of Philadelphia*, 690 A.2d 719 (Pa. Super. 1996).

The Pennsylvania Rules of Civil Procedure provide, in pertinent part, "(a) material facts on which a cause of action or defense is based shall be stated in a concise and summary form [and]...(h) [w]hen any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written." Pa.R.C.P. 1019 (a),(h). A thorough review of the complaint reveals plaintiff conformed to this rule. Plaintiff's averments are set forth in a concise and summary form and state the essential elements of an account stated theory of recovery. We have broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement. *United Refrigerator Co. v. Applebaum*, 410 Pa. 210, 213, 189

A.2d 253, 255 (1963). We find that plaintiff's complaint contains material facts which are set forth in a concise and summary form in compliance with Rule 1019 (a). Any further details of the specific charges may be disclosed through the discovery process. Therefore, we will overrule Seeley's preliminary objections in this regard.

Seeley also claims the verification attached to plaintiff's complaint is insufficient because it does not set forth the source of Tamara Lockridge's information as to the matters contained in the complaint. Pa.R.C.P. 1024 states, in pertinent part:

> (a)[e]very pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

> (c) *The verification shall be made by one or more of the parties* filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why

the verification is not made by a party. Pa.R.C.P. 1024 (emphasis added).

Our Superior Court has held that verification by a paralegal for the debt collection company, having no personal knowledge, is insufficient and does not meet the requirements of this rule. *Atlantic Credit & Finance, Inc. v. Giuliana*, 829 A.2d 340 (Pa.Super. 2003). Here, however, the verification was signed by a legal coordinator for plaintiff, sworn to be true and correct to the best of her knowledge and belief. As plaintiff is not a natural person, we find Tamara Lockridge signed as the authorized representative of US Bank. Hence, Rule 1024 (c) is not implicated by the verification because nothing indicates that US Bank lacks sufficient knowledge or information or is outside the jurisdiction and the verification cannot be obtained within the time allowed under the rules. We find the verification to be sufficient and that the verifier need not aver the source of the information pursuant to Pa.R.C.P. 1024(a). Seeley's preliminary objection on this basis is overruled.

In his final preliminary objection, Seeley argues that he elects binding arbitration as set forth in the agreement or contract. Plaintiff filed an answer indicating it does not object to Seeley's request to submit the matter to arbitration. Accordingly, the matter is moot.

In light of the foregoing, we enter the following order.

## ORDER

And now, January 26, 2011, following oral arguments and after a review of the briefs submitted, the defendant's

preliminary objections are dismissed. Defendant shall have twenty (20) days from the date of this order to file a responsive pleading that complies with the Pennsylvania Rules of Civil Procedure.