## McConaghy, Admrx., Appellant, *v.* Philadelphia.

Argued November 25, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*David H. Felix*, of *Felix & Felix*, for appellant.

*James Francis Ryan*, Assistant City Solicitor, with him *T. B. K. Ringe*, *G. Coe Farrier*, Assistant Solicitors, and *Augustus Trask Ashton*, City Solicitor, for appellee.

PER CURIAM, January 5, 1931:

This action in assumpsit was originally instituted by George P. McConaghy, an employee in the fire department of the City of Philadelphia, to recover additional compensation claimed to be due him from February 1, 1923, to January 31, 1926, as battalion chief in the city's bureau of fire. McConaghy died after bringing suit, and his wife, as administratrix, was substituted as plaintiff. A case stated was agreed upon, and, after hearing, the court entered judgment for defendant. Plaintiff appealed.

The Act of May 16, 1923, P. L. 235, under which plaintiff claims, provides for the division of battalion chiefs and others of the uniformed fire forces in the employ of cities of the first class into two bodies or platoons, and that "every such body shall perform service alternately every twenty-four hours commencing at eight o'clock in the morning and ending at eight the following morning, and in no case shall any such officer of such fire force be required to serve continuously for more than twenty-four hours" except in emergency cases, "when [such] service shall be required as now provided by law." The council of the City of Philadelphia failed to take the necessary action by ordinance or otherwise to put the provisions of the statute referred to in force, nor were additional appropriations made by council to meet the increased expenses necessary to compensate employees embraced within its terms. In the meantime, McConaghy remained in the employ of the city as battalion

chief, continuing to discharge his regular duties as such officer, as he had done previous to the passage of the Act of May 16, 1923, receiving compensation in accordance with the ordinance of council in force at the time, fixing the pay of officers of his rank in the fire department. The record fails to show that McConaghy was dissatisfied with the sum allowed for his services or the time required to be on duty under the ordinances and rules of the department in force during the time for which additional pay is now claimed, or that he made demand of the proper municipal officers for either increased pay or decreased working hours before instituting this action. Under the circumstances indicated above, plaintiff is not entitled to recover additional compensation to that heretofore paid and accepted by him.

The judgment of the court below is affirmed.