## Werkman et al., Exrs., *v.* Westmoreland County, Appellant.

Argued April 21, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William S. Rial,* with him *H. E. Marker,* for appellant.

*Howard Y. Crossland,* for appellees.

Opinion by Keller, P. J., September 29, 1937:

Westmoreland County is a county of the third class. By the Act of March 17, 1921, P. L. 32, the salary of court criers of the several courts in counties of the third class was fixed at sixteen hundred and fifty dollars, to be paid out of the county treasury.

John P. Werkman was duly appointed court crier of the Orphans' Court of Westmoreland County.

During the recent depression many counties were compelled, because of financial stringency, to curtail expenditures, and, in some counties, certain regular sessions of court were omitted or postponed as a necessary measure of economy.

The President Judge of the Orphans' Court of Westmoreland County, who had the sole power of appointing and dismissing the court crier for his court, having this need for economy in county expenditures in mind, spoke to Werkman, the court crier, and suggested that he should consent to a reduction of salary. Werkman expressed himself as willing to accept a reduction of 37½ per cent, but the Judge did not think that, in the circumstances, that was enough. He suggested that Werkman should consent to accept $50 a month for his services. Werkman told the Judge that he [that is, the judge] could not reduce his salary. The Judge replied that that was true, but he could appoint

somebody else. Werkman asked for time to consider the matter and after three or four weeks reluctantly agreed to accept $50 a month as full payment, to take effect August 1, 1932. He signed receipts in full for his salary up to December 1933, when he refused to continue the arrangement any longer and was dismissed to take effect January 1, 1934. He brought an action against the county to recover the difference between the salary fixed by the Act of 1921 and the amount actually paid him. The jury found a verdict for the defendant, by direction of the court, which subsequently entered judgment in his favor non obstante veredicto for $1,531.25, with interest from January 16, 1934. The county appealed.

We have had occasion to consider a somewhat similar question in two recent cases, *Taylor v. Phila.*, 126 Pa. Superior Ct. 196, 190 A. 663, and *Patton v. Phila.*, 126 Pa. Superior Ct. 212, 190 A. 670, and have discussed the subject somewhat fully therein. But the facts in those cases are so different from those in the present one that too hasty a conclusion from them must not be drawn for the decision of this case.

Both of those cases related to public officers, (1) appointed by the Governor or (2) elected by the people, whose salaries were fixed by the legislature, to be paid by the City of Philadelphia. City Council had nothing to do with their appointment or dismissal—had no power to do either. Its only function was to provide the money for their payment. It had no power, either, to reduce the salaries of these public officers below the amounts fixed by the legislature. Hence, we held, that an ordinance of City Council reducing the salaries of *city employees* ten per cent during a certain year was not effective to reduce the salaries fixed by the legislature for these public officers, and that the signing of payrolls for the reduced amount, not purporting to be in full of their salaries or services, did not estop

them from claiming the unpaid balance; that while they might voluntarily donate part of their salary for the relief of the city, it could not be forced and a donation did not arise by estoppel. In the Taylor case it was pointed out that in signing the payroll the officers expressly reserved their right to collect the balance of their salaries unpaid.

A court crier is not a public officer. He is a mere employee or attache of the court. He is appointed by the court and may be removed by the court at will. True, the court cannot decrease the compensation fixed by the statute, but it is not required to appoint a court crier. The position is not indispensable. A court can convene and open without a court crier; and where for pressing reasons of economy a court crier has, after due consideration, agreed to accept a less amount than the salary fixed by the legislature and has signed receipts in full on acceptance of this decreased amount, we think he is estopped from claiming the balance of salary which he agreed to remit. The public policy which prevents a *public officer* from agreeing to accept less than the compensation attached by law to his office (*Pittsburgh v. Goshorn*, 230 Pa. 212, 79 A. 505; *Wilkes-Barre v. Rockafellow*, 171 Pa. 177, 192, 33 A. 269; *Bodenhofer v. Hogan*, 142 Iowa 321, 120 N. W. 659; *The State v. Mayor of Nashville*, 83 Tenn. (15 Lea) 697, 707; *Werner v. Hillman Coal & Coke Co.*, 300 Pa. 256, 150 A. 471), does not apply to a mere employee or attache who may be appointed or discharged at will. True, he may revoke his agreement at any time, but while it is in effect and he is accepting a less amount as full compensation for his services and giving receipts in full for his services, he is estopped from repudiating the agreement so as to affect past payments and past receipts in full.

The case is ruled by decisions relating to employees, such as *McConaghy v. Phila.*, 302 Pa. 142, 153 A. 334;

*Wagoner v. Phila.*, 215 Pa. 379, 64 A. 557; *Ryan v. City of New York*, 177 N. Y. 271, 69 N. E. 599; *Walsh v. City of New York*, 144 N. Y. Supp. 8; *Grady v. City of New York*, 182 N. Y. 18, 74 N. E. 488; *McCarthy v. Mayor etc. of N. Y.*, 96 N. Y. 1; *Bell v. Town of Sullivan*, 158 Ind. 199, 63 N. E. 209, where city employees who accepted less pay than they were entitled to and receipted for it in full of the compensation due them were estopped from subsequently requiring payment of the balance alleged to be due them.

A similar rule has been enforced in some jurisdictions with respect to minor officials who accepted a less salary or compensation than they were entitled to and gave receipts in full to the municipality, and were not allowed, subsequently, to repudiate their receipts and recover for the sums not actually received, being estopped by their actions from claiming more than had been paid to and accepted by them as full payment for their services. See *De Boest v. Gambell*, 35 Oregon 368, 58 Pac. 72 (Chief Engineer of Fire Department); *Schuh v. City of Waukesha*, 220 Wis. 600, 265 N. W. 699 (City engineer); *O'Hara v. Town of Park River*, 1 N. D. 279, 47 N. W. 380 (Town marshal); *City of Lexington v. Rennick*, 105 Ky. 779 (Policeman); *Hobbs v. City of Yonkers*, 102 N. Y. 13, 5 N. E. 778 (City treasurer); *Chandler v. Town of Johnson City*, 105 Tenn. 633, 59 S. W. 142 (Recorder); *Taskey v. City of Pittsburgh*, 123 Pa. Superior Ct. 573, 187 A. 292, (Patrolman). We think the principle is applicable here.

The assignment of error is sustained. The judgment is reversed and it is ordered that the record be remitted to the court below with directions to enter judgment for the defendant on the verdict.