## Liquor Control Board Examiners

RENO, Attorney General, July 27, 1939.—This will acknowledge receipt of your communication of June 15, 1939, in which you asked to be advised whether or not Senate approval is required and whether or not commissions should be issued by the Governor to "examiners learned in the law" who are appointed under the provisions of section 409 (a) of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762.

In alternative form the questions involved are:

1. Whether "examiners learned in the law", appointed by the Governor under section 409 (a) of this act of assembly, for the purpose of hearing testimony for or against applications for new licenses and renewals thereof, are such officers as come within the purview of article IV,

sec. 8, of the Constitution, or whether they are simply employes as distinguished from public officers, and

2. Whether commissions should be issued to such appointees.

Our answer to these questions stated in alternative form is:

1. That such "examiners" are not public officers within the purview of the constitutional provisions above mentioned but are simply employes, and such appointments do not require senatorial approval, and

2. That it is not necessary to issue commissions to such appointees.

Section 8, art. IV, of the Constitution of Pennsylvania reads as follows:

"Section 8. Appointing power of Governor; vacancies; confirmation by Senate. He shall nominate and, by and with the advice and consent of two-thirds of all the members of the Senate, appoint a Secretary of the Commonwealth and an Attorney General during pleasure, a Superintendent of Public Instruction for four years, and *such other officers of the Commonwealth as he is or may be authorized by the Constitution or by law to appoint;* he shall have power to fill all vacancies that may happen, in offices to which he may appoint, during the recess of the Senate, by granting commissions which shall expire at the end of their next session; he shall have power to fill any vacancy that may happen, during the recess of the Senate, in the office of Auditor General, State Treasurer, Secretary of Internal Affairs or Superintendent of Public Instruction, in a judicial office, or in any other elective office which he is or may be authorized to fill; if the vacancy shall happen during the session of the Senate, the Governor shall nominate to the Senate, before their final adjournment, a proper person to fill said vacancy; but in any such case of vacancy, in an elective office, a person shall be chosen to said office on the next election day appropriate to such office according to the provisions of this Constitution, unless the vacancy shall happen within two

calendar months immediately preceding such election day, in which case the election for said office shall be held on the second succeeding election day appropriate to such office. In acting on executive nominations the Senate shall sit with open doors, and, in confirming or rejecting the nominations of the Governor, the vote shall be taken by yeas and nays and shall be entered on the journal." (Amendment of November 2, 1909.) (Italics supplied.)

The pertinent provisions of section 409 (a) of the Pennsylvania Liquor Control Act of 1937, supra, contain the following language:

"Section 409. License Year; Renewal of Licenses.— (a) The board shall, by regulation, divide the State into convenient license districts and shall hold hearings on applications for licenses and renewals thereof, as it deems necessary, at a convenient place or places in each of said districts, at such time as it shall fix by regulation, for the purpose of hearing testimony for and against applications for new licenses and renewals thereof. *The board may provide for the holding of such hearings by examiners, learned in the law, to be appointed by the Governor, who shall not be subject to the civil service provisions of this act. Such examiners shall make report to the board in each case with their recommendations.*" (Italics supplied.)

It will be observed that under the provisions of this act the "examiners" shall make a report to the board in each case with their recommendations. There is no sanctity to their recommendations. Their returns are made to the board, which may or may not approve their recommendations. Neither term nor salary for these examiners is fixed.

Moreover, the underlying thought in this act seems to be that the examiners are simply employes, else why did the act say that these appointees (examiners) shall not be subject to the civil service provisions of this act?

Section 410 of the act provides for hearing by the board on citations to the licensee to appear before the board or

its examiners, but the *board* grants or revokes the license, as the case may be.

The Administrative Code of April 9, 1929, P. L. 177, provides, in article II, sec. 207:

"The Governor shall nominate and, by and with the advice and consent of two-thirds of all the members of the Senate, appoint . . . *the members of all independent administrative boards and commissions.*" (Italics supplied.)

Clearly, an *examiner is not a member of an administrative board, as distinguished from an employe,* for in section 214 of this Administrative Code, as amended, provision is made for the appointment of various *employes,* inter alia, "examiners".

Thus, in Werkman et al., Execs., v. Westmoreland County, 128 Pa. Superior Ct. 297, the court held that a court crier whose salary was fixed by an act of assembly was not a public *officer* but a *mere employe or attaché of the court,* appointed by the court and subject to removal by the court at will.

*A public officer,* under article III, sec. 13, of the Constitution, which prohibits the extension of the term of any public officer or the increase or diminution of his salary or emoluments after his election or appointment, is contrasted with a mere employe in the case of Wiest v. Northumberland County et al., 115 Pa. Superior Ct. 577, where it was held that the solicitor to the county controller in counties of the fifth class was not such a *public officer* with these prohibitions of the Constitution. Judge Trexler said, at page 579, in quoting from an earlier case:

"We quote, 'If the officer is chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, involving some of the functions of government, and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, it is safe to say that the incumbent is a public officer within the meaning of the

constitutional provisions in question. This we think is the effect of the adjudications on the subject. While this rule requires consideration of various matters in determining whether an office can properly be considered to be within the meaning of the clause of the Constitution under consideration, the character of the functions to be performed is of prime importance. The duties of the counsel for the board of registration commissioners are not defined by statute. It is apparent, therefore, that he is merely the legal adviser of the board with regard to the performance of their duties and shall represent them in legal proceedings, in which the board is involved. His duties are important in the sense that the advice and actions of an attorney always entail grave responsibility; but they are performed for the board. He has no direct connection with, or responsibility to the public; he is entirely subordinate to the board; they may follow his advice or disregard it; he cannot control their actions; he cannot perform their duties; his appointment is for no definite term, and he can be recalled at any time; he has no grave and important duties involving a function of government in their performance, or duties which are of such a public character as are held to be an essential characteristic of an office in order to bring it within the meaning of the constitutional prohibition'."

But it is argued that because of article IV, sec. 8, of the Constitution which provides that, "He [the Governor] shall nominate and, by and with the advice and consent of two-thirds of all the members of the Senate, appoint . . . *such other officers* of the Commonwealth as he is or may be authorized by the Constitution or by law to appoint . . ." (italics supplied), anyone holding an office by appointment of the Governor must receive senatorial approval; that is, that the term "officer" as used in this article and section is inclusive of all persons who may be appointed under the law by the Governor to a place in the public service.

This is too broad an interpretation of this constitutional provision. The requirement as to senatorial approval should be confined to "officers", or "members" of all independent administrative boards as provided in The Administrative Code, where the term "members" of administrative boards is used.

What under the law, is an *"officer"* or a *"member"* of an independent administrative board?

How is he to be defined? Must a clerk or a stenographer or any employe appointed by the Governor under authority of law receive senatorial approval by reason of the generality of the phrase used in the Constitution with respect to senatorial approval? However, since, in construing article III, sec. 13, of the Constitution prohibiting the increase or diminution of salaries of public officers after their election or appointment, the courts have distinguished between public officers and employes in the public service as indicated in the cases of Werkman et al., Execs., v. Westmoreland County, supra, Wiest v. Northumberland County et al., supra, and Gift v. City of Allentown, 37 L. I. 332, the same distinction should be made and the same application made when the same term, namely "public officers", is found in other parts of the Constitution.

Thus, in 12 C. J. 706, §49, it is said:

"The presumption is that the same meaning attaches to a given word or phrase wherever it occurs in a constitution. The rule is, therefore, that the same meaning will be given to the same words occurring in different parts of the same constitution, unless it appears from the whole that a different meaning was intended in some part alleged to be an exception."

It may be that, in the popular conception, anyone who holds a position in public life is a public officer, yet, in the law, there is a clear line of distinction between what are "public officers" and "employes" in public office.

In this latter class, examiners under the Pennsylvania Liquor Control Act appointed by the Governor belong;

that is, they are simply employes. Hence, their appointment does not require senatorial approval and you are so advised. You are also advised that it is not necessary to issue commissions to such appointees.