## Donahue, Appellant, *v.* Philadelphia.

Argued December 14, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Roy Pressman,* for appellant.

*Samuel Feldman,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for appellee.

OPINION BY RENO, J., April 12, 1945:

This is assumpsit by a police officer against the City of Philadelphia to recover $550 salary. The trial judge, sitting without a jury, found for defendant, and plaintiff appealed from the refusal to enter judgment n. o. v. or to grant a new trial.

During December, 1928, the Director of Public Safety preferred charges against appellant which were referred to the Civil Service Commission. Appellant plead guilty but nevertheless the commission exonerated him. Thereafter the director, acting upon a suggestion made by one of the commissioners during the hearing that the case called for department discipline rather than commission action, preferred new charges, including a new offense, and the police board which heard the case found him guilty. He was sentenced to a fine of 100 days' pay which amounted to $5.50 per day. Instead of paying his fine in cash, he chose to work 100 days without pay. The 100-day period expired on June 23, 1929. He worked during this entire period, and made no demand for salary on any of the semimonthly pay days during that period. On June 30, 1929, he signed the pay roll for the period from June 16, 1929 to June 30, 1929. To the right of the space in which he signed his name under the heading "Remarks" appeared this statement: "8 days deducted completing 100 day fine—absent 6-16-29 to 6-29-29 on vacation with pay." To the left of his signature under the heading "Deducted" appeared "[$]44.00"; under "Time worked or Days To Be Paid" appeared "7"; and under "Amount Due" ap-

peared "[$]63.50". At the top of the column in which appellant signed his name was printed the following: "We, the undersigned, do hereby severally acknowledge to have received the amounts set opposite our names from Com. Off. Chas. H. Fox, Ft. Traffic Dept. of Public Safety, City of Phila., as officers of the Police, for services rendered from June 16th, to June 30th, A. D., 1929. This acknowledgment to be held as a full bar to all further claims or demands by us, or on our behalf, for services as such employees against the said City of Philadelphia, or the Bureau of Police up to the June 30th, day, A. D., 1929." Thereafter, regularly, appellant signed semimonthly pay rolls containing the same release and made no demand for the 100 days' salary until eighteen months later when he instituted this action.

In the court below, appellant challenged the validity of the fine imposed by the director, contending that since he had been exonerated by the commission he could not subsequently be tried by the police board upon the same charges. During the trial, the trial judge intimated that this was the vital question in the case, but subsequently in his opinion denied recovery "for the sole reason that plaintiff was estopped from making any claim because of the several releases executed by him." The question has been referred to but not specifically raised here, and it has not been briefed or argued. Nevertheless, we have examined it sufficiently to assure ourselves that it does not stand in the way of applying the correct principle which governs the case. That the director is empowered to enforce rules and regulations promulgated by him by imposing fines for their violation cannot be doubted. *Witkin v. Philadelphia,* 110 Pa. Superior Ct. 489, 168 A. 491; *Osterheldt v. Philadelphia,* 113 Pa. Superior Ct. 8, 171 A. 100. The director, however, may not prefer charges against a patrolman before the commission and, upon the ground that the punishment imposed by it is in-

adequate, increase the punishment without new charges and a trial. *Moreland v. Philadelphia,* 101 Pa. Superior Ct. 299. But that is not this case. Here, the director preferred new charges, with at least one additional specification, and appellant was found guilty for an offense for which he had not been tried by the commission.

The case thus settles down to the question of the effect of appellant's long acquiescence and the repeated receipts signed by him. It must be noted that the first was more than a bare receipt. It followed, and was founded upon, an account stated by the city which was accepted by appellant. Appellant's indebtedness to the city and the items which composed it were stated under "Remarks" in the pay roll, and they were stated accurately; and the city's indebtedness to appellant and the basis upon which it rested were stated, and stated accurately. The amount paid to and accepted by appellant was the difference between the two sums. The city and appellant stood in relation of employer and employe. *Com. ex rel. v. Black,* 201 Pa. 433, 50 A. 1008. The rules relative to accounts stated apply to settlements between employer and employe. *Thompson v. Fisher,* 13 Pa. 301. The Restatement, Contracts, §422, states the applicable rules which are sustained by numerous Pennsylvania cases: "(1) Matured debts are discharged by a manifestation of assent in good faith by debtor and creditor to a stated sum as an accurate computation of the amount of the matured debt or debts due the creditor, or if there are cross demands as the amount of the difference between the total indebtedness due one party and the total indebtedness due the other party. A new duty arises to pay a sum so fixed. (2) Retention without objection by one party for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent within the rule stated within Subsection (1). (3) Where there is an omission of some item or an error

in computation or in the amount of an item in a statement of account, the duty to pay the stated sum can be avoided by a party who has assented thereto in ignorance of the omission or error, unless in justifiable reliance on the statement of account the other party has materially changed his position." Acceptance may be manifested expressly or may be implied from the circumstances. *Robbins v. Weinstein,* 143 Pa. Superior Ct. 307, 17 A. 2d 629.

As indicated by the Restatement, an account stated may be opened upon proof of a mistake. *Allegheny Co. Light Co. v. Thoma,* 31 Pa. Superior Ct. 102. Here there was no mistake. The city intended to charge appellant with his fine, and appellant intended to acknowledge his liability for it and certify to his payment of it by working the required period without pay. He accepted payment of the wages due according to the account stated, receipted for them, acknowledged that no further liability existed, entered no protest, and for eighteen months made no complaint. He is bound by his acceptance and his long acquiescence. See also *McConaghy v. Philadelphia,* 302 Pa. 142, 153 A. 334; *Wagoner v. Philadelphia,* 215 Pa. 379, 64 A. 557; *Taskey v. Pittsburgh,* 123 Pa. Superior Ct. 573, 187 A. 292. Moreover, if, instead of a contractual obligation, we are here dealing with a fine, it is elementary law that a fine voluntarily paid or discharged, without protest, cannot be recovered. 36 C. J. S., "Fines", §17.

Appellant further complains that he was not permitted to prove that when he signed the receipt the pay roll sheet was folded in such manner that the heading containing the receipt was concealed from him. He had, however, signed many such identical pay rolls before, and he must have been familiar with their contents. Be that as it may, one who can read and signs a document without reading it is not entitled to the protection of either law or equity. *Greenfield's Est.,* 14 Pa. 489.

Judgment affirmed.