## Citibank (South Dakota) N.A. v. King

*Derek C. Blasker,* for plaintiff.
*William G. Tressler,* for defendant.

GRINE, *J.,* November 9, 2007—Presently before this court are the preliminary objections of defendant Robert J. King to plaintiff's complaint. Defendant's motion contains a preliminary objection in the form of a demurrer. By order dated September 20, 2007, having received defendant's preliminary objections, the defendant was ordered to file a brief in support by October 15, 2007. Further, plaintiff Citibank (South Dakota) N.A. was ordered to file a brief in response by October 29, 2007. Counsel for both parties filed their respective briefs, both in timely manner, and the matter is ripe for consideration. After reviewing the memorandums filed by counsel, this court overrules defendant's preliminary objections.

## PROCEDURAL BACKGROUND

The plaintiff initiated this cause of action by filing a complaint on August 10, 2007. In the complaint, the

plaintiff seeks to recover $10,091.18, which is the statement balance of a consumer credit card furnished to the defendant by the plaintiff in the form of an AT&T Universal credit card. The plaintiff's complaint states that the defendant's actions constituted an account stated between the parties to the sum of $10,091.18. On September 20, 2007, the defendant filed preliminary objections to the plaintiff's complaint on the grounds that the plaintiff failed to state a cause of action. In the preliminary objections to the complaint, defendants asks this court to dismiss the plaintiff's complaint.

## DISCUSSION

The preliminary objection that is before this court is that the plaintiff failed to establish a cause of action against the defendant. The primary question is whether the plaintiff properly pleaded an account stated cause of action. The standard for such a pleading is as follows: "In pleading a complaint based upon an account stated, plaintiff must allege that there had been a running account, that a balance remains due, that the account has been rendered upon the defendant and that the defendant has assented to the account." *Rush's Service Center Inc. v. Genareo,* 10 D.&C.4th 445, 447 (Lawrence Cty. 1991). The plaintiff's complaint does properly aver these elements. The plaintiff averred that it furnished consumer credit to the defendant. Additionally, the plaintiff's complaint stated that the plaintiff mailed monthly statements which set forth the detail of the defendant's account, and a copy of the current statement was attached to the complaint showing a balance remains due. The most essential element of the complaint is the parties' agreement to the

accuracy and correctness of the account. *Connolly Epstein Chicco Foxman Engelmyer & Ewing v. Fanslow,* 1995 W.L. 686045, 5 (E.D. Pa. 1995), quoting *David v. Veitscher Magnesitwerke Actien Gesellschaft,* 348 Pa. 335, 35 A.2d 346 (1944). Additionally courts in Pennsylvania have found that such agreement can be implied when the retention without objection by one party for an unreasonably long time of a statement of account rendered by the other is a manifestation of assent to the amount shown as an accurate computation of the amount due. *Donahue v. City of Philadelphia,* 157 Pa. Super. 124, 128, 41 A.2d 879, 881 (1945). Therefore it is clear that the defendant has assented to the account based on paragraph 7 of the plaintiff's complaint where it stated that the "defendant had for many months made payments on account of the billing statement or retained the statement without payment." Based on the foregoing, and accepting all of the material averments made in plaintiff's complaint as true, this court finds that the plaintiff has provided facts within the complaint sufficient to sustain a cause of action based on an account stated claim. Therefore, the court overrules defendant's preliminary objection.

## ORDER

And now, November 9, 2007, after a review of the arguments submitted by counsel, it is hereby ordered and decreed that defendant's preliminary objections are overruled.