**Citibank (South Dakota) N.A. v. Ambrose**

C.P. of Adams County, no. 10-S-574.

*Neil Sarker,* for plaintiff.
*John L. Perry,* for defendant.

CAMPBELL, *J.,* June 8, 2010—Plaintiff filed a complaint on April 6, 2010, alleging that plaintiff furnished consumer credit to defendant by means of a credit card. Plaintiff further alleges that plaintiff kept accurate running records of all debits and credits to the account and that plaintiff mailed monthly statements on the account

to defendant, including the statement attached as exhibit A to the complaint. Additionally, the monthly statements accurately stated the previous balance, debits and credits to the account for the prior billing period. Plaintiff asserts that prior to mailing exhibit A, defendant had made payments on the account for many months, or retained the statement without payment. Plaintiff claims relief based upon an account stated theory of recovery for the sum of $7,746.02, the amount listed on exhibit A that defendant has allegedly failed to pay.

Defendant filed preliminary objections to plaintiff's complaint and a brief in support of defendant's preliminary objections to plaintiff's complaint on April 27, 2010. Defendant argues that the amended complaint fails to conform to law or rule of court and is deficient for several reasons. First, defendant argues based on the amount allegedly due, $7,746.02, that the initial credit card would have been furnished pursuant to a written agreement. However, plaintiff failed to attach the original application or agreement between the parties, and failed to explain its absence as required by Pa.R.C.P. 1019(h) and (i). Moreover, defendant argues that plaintiff failed to attach any writing containing the terms and conditions that the credit card was allegedly subject to, and failed to explain the absence of such a writing in violation of Pa.R.C.P. 1019(h) and (i). Defendant also argues the complaint is deficient because it does not contain allegations of sufficient specificity to meet the requirements of Pa.R.C.P. 1019(a) and (f). and thus defendant cannot formulate a response. Finally, defendant argues that even if plaintiff is setting forth an account stated basis of recovery, plaintiff has failed to attach an "account in writing" sufficient

to create an account stated in violation of Pa.R.C.P. 1019(h), (i), and relevant case law. For the reasons stated below, defendant's preliminary objections are overruled.

An account stated is an "account in writing, examined and accepted by both parties. which acceptance need not be expressly so, but may be implied from the circumstances." *Robbins v. Weinstein,* 143 Pa. Super. 307, 17 A.2d 629, 634 (1941). To plead a cause of action for an account stated, plaintiff must sufficiently plead the following elements: (1) there has been a running account, (2) a balance remains due, (3) the account has been rendered upon the defendant, and (4) the defendant has assented to the account. *Rush's Service Center Inc. v. Genareo,* 10 D.&C.4th 445, (Lawrence Cty. 1991). Retention without objection by one party for an unreasonably long time of a statement of account rendered by the other party is a manifestation of assent to the amount shown as an accurate computation of the amount due. *Donahue v. City of Philadelphia,* 157 Pa. Super. 124, 41 A.2d 879 (1945). A copy of the current statement must be attached to the complaint showing a balance remains due, and the complaint must state that the plaintiff mailed monthly statements to the defendant setting forth the details of the defendant's account. *Citibank (S.D.) N.A. v. King,* No. 2007-3412, 2007 WL 4967502 (C.P. Cent. Nov. 9, 2007).

In the present case, defendant's argument would be persuasive had plaintiff pled a cause of action based on breach of contract. However, plaintiff has set forth a cause of action based on an account stated theory of

recovery, and has pled the required elements of an account stated. Plaintiff states in its complaint that it furnished consumer credit to defendant, that it kept accurate records of the account, and that it mailed monthly statements to defendant. Moreover, plaintiff alleges that defendant made payments on the account in the past or retained the statement without payment. Plaintiff has attached a copy of a recent statement to complaint as exhibit A, and thus, this court finds that plaintiff has sufficiently pled a cause of action for an account stated.

For the reasons stated herein, defendant's preliminary objections are overruled.

## ORDER

And now, June 8, 2010, defendant's preliminary objections are overruled. Defendant shall file an answer to the complaint within 20 days of the date of this order.