Citibank (S.D.), N.A. v. Rhineer

ASHWORTH, *J.*, April 26, 2013—This matter is before the court on defendant Brian K. Rhineer's preliminary objections to the complaint filed by plaintiff Citibank (South Dakota), N.A. For the reasons set forth below, these objections will be sustained and plaintiff will be permitted to file an amended complaint.

## I. Procedural and Factual Background

Plaintiff filed a complaint on March 25, 2011, seeking to collect past due payments on a credit card allegedly issued to defendant Rhineer. Attached to the complaint as exhibit "A," is a two-page document, which purports to be a monthly billing statement of an account with respect to a Citi Dividend Platinum Select Card. The document, which indicated a statement closing date of August 4, 2010, shows a "New Balance" of $20,059.12, a "Minimum Payment Due" of $20,059.12, a "Past Due Amount" of $1,931.96, and the "Interest Charged" as $74.77. (*See* complaint, exhibit "A.") The statement describes the "Payment Due Date" as September 1, 2010. *Id.* No other

billing statements are attached to the complaint.

Plaintiff's eight-paragraph complaint includes the following relevant averments:

4. Plaintiff furnished consumer credit to the defendant by means of a(n) CITI MASTERCARD credit card with account number ending in 5819 hereinafter referred to as the credit card account.

5. Plaintiff kept accurate running records of all debits and credits to the account.

6. Plaintiff mailed to defendant monthly statements for the account including the billing statement attached hereto as Exhibit A. The monthly statements accurately stated the previous balance, the debits and credits to the account for the prior billing period.

7. Before plaintiff mailed Exhibit A, defendant had for many months made payments on the account of the billing statement or retained the statement without payment.

8. Defendant's actions as set forth above constituted an account stated between parties for the sum of $20,043.12 which sum reflects the Exhibit A statement balance less credits, if any, which were applied subsequent to the date of Exhibit A.

(*See* complaint at ¶¶ 4-8 (emphasis in original).) It is with these bare allegations that plaintiff purports to establish an account stated relationship with defendant entitling it to accrue an interest rate of 29.99%. (*Id.*, exhibit "A.")

Defendant filed preliminary objections to the complaint

based upon the following purported deficiencies in the pleading: (1) no averment is made as to whether the alleged agreement between the parties is oral or written; (2) no copy of the underlying agreement or writing was attached to the complaint; (3) the complaint fails to plead or allege with specificity averments of time, place and items of special damage, or to attach documentation in support thereof; and (4) the complaint improperly pleads account stated. (*See* preliminary objections at ¶¶ 2-10.) Based upon these objections, defendant asks this court to dismiss the complaint with prejudice, or in the alternative, to order plaintiff to file an amended complaint.

Plaintiff filed an answer to the preliminary objections asserting, *inter alia*, that: (1) the cause of action is based on an account stated theory and not a breach of contract, as a consequence of which it was not required to attach to the complaint any documentation other than the last billing statement[1]; (2) exhibit "A," a copy of defendant's August 2010 billing statement, properly sets forth the total balance due and owing; and (3) "[t]he majority of the courts of common pleas throughout the Commonwealth that have decided on similar preliminary objections to plaintiff's 11 [sic] paragraph complaint have ruled that plaintiff's complaint is sufficient to allege the account stated cause of action on a consumer credit account and have ruled that the account stated can be applied to consumer credit accounts."[2] (*See* plaintiff's answer to preliminary

---

1. I agree that plaintiff's complaint in this case is presently factually deficient to support a breach of contract cause of action.

2. Plaintiff has attached to its brief copies of court decisions from 33 of the 67 counties in Pennsylvania. These cases are all trial court orders and opinions and, while they may be persuasive, they certainly are not binding on this court. Additionally, at least half a dozen of the identified

objections at ¶¶ 1-10.) Thus, this matter raises the now familiar issue of whether a credit card collection case may proceed on an account stated theory "upon the pleading of facts too anemic to support a breach of contract cause of action."[3] *Citibank, N.A. v. Hull*, #380-2012CV, slip op. at 4 (Clinton Co., Aug. 23, 2012) (Miller, J.). Regrettably, our appellate courts have not yet answered this question[4] and there is disagreement among the courts of common pleas on this issue.

Based upon a reading of the relevant appellate precedent, and in accordance with the better-decided common pleas decisions, and the holdings of other members of this bench, this court continues to adhere to what appears to be the minority position in this Commonwealth that a plaintiff in a credit card collection case cannot escape the pleading formalities described in *Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340, 345 (Pa. Super. 2003), by characterizing its claim as one based on an account stated. *See, for example, Citibank (South Dakota) N.A., Bank v. Ananiev*, 13 Pa. D.&C.5th 557 (Monroe Co. 2010); *Arrow Financial Services LLC v. Witmer*, 59 Cumb.L.J. 154

---

counties have issued contrary decisions.

3. Traditionally, a breach of contract cause of action was employed in consumer credit card collection cases. However, with the recent increase in credit card defaults, creditors that have failed to retain the paperwork necessary to maintain a breach of contract cause of action have rediscovered the account stated.

4. Pennsylvania courts have long recognized and given effect to accounts stated. *See, for example, David v. Veitscher Magnesitwerke Actien Gesellschaft*, 348 Pa. 335, 35 A.2d 346 (1944); *Leinbach v. Wolle*, 211 Pa. 629, 61 A. 248 (1905); *Pierce v. Pierce*, 48 A. 689 (Pa. 1901); *Tully v. Felton*, 36 A. 285 (Pa. 1896); *Johnston v. Thumm*, 7 A. 739 (Pa. 1887); *Verrier v. Guillou*, 97 Pa. 63 (Pa. 1881); *Donahue v. City of Philadelphia*, 157 Pa. Super. 124, 41 A.2d 879 (1945). However, this court was unable to find one appellate court decision discussing an "accounts stated" action involving credit card collection.

(2010) (Ebert, J.); *Target National Bank/Target Visa v. Samanez*, 156 Pitts. Leg. J. 76 (2007) (Wettick, J.); *Calvary Portfolio Services, LLC v. Mostyn*, No. 2010-3233 (Centre Co., Feb. 2011) (Lunsford, J.); *Citibank (South Dakota), N.A. v. Knepp*, No. 2010-1161 (Clearfield Co. 2010) (Ammerman, J.); *Citibank, N.A. v. Hull*, #380-2012CV (Clinton Co., Aug. 23, 2012) (Miller, J.); *Arrow Financial Services LLC v. Witmer*, No. 2009-6197 (Cumberland Co., May 13, 2010) (Ebert, J.); *Citibank (South Dakota), N.A. v. Ross*, No. 2010-5668 (Cumberland Co., April 18, 2011) (Masland, J.); *Citibank, N.A. v. Wadas*, No. 2012-1705 (Cumberland Co., June 14, 2012) (Peck, J.); *Barclay Bank Delaware v. Kmetz*, No. 1385 of 2011 G.D. (Fayette Co., April 4, 2012) (Warman, J.); *Citibank (South Dakota), N.A. v. Opitz*, No. 207-2010-C (Fulton Co., Sept. 17, 2010) (Van Horn, J.); *Velocity Investments, LLC v. Kahanic*, No. 11 CV 6995 (Lackawanna Co., May 1, 2012) (Nealon, J.); *Citibank (South Dakota), N.A. v. Quick*, No. CI-11-00954 (Lanc. Co., Nov. 9, 2011) (Cullen, J.).

## II. Discussion

Under Pennsylvania law,

an 'account stated' is just a variety of contract. It is an agreement between debtors and creditors. The parties agree to a consolidated statement of debt, give up their right to bring suit on any of the underlying debts, and create a duty to pay. Restatement (Second) of Contracts § 282 (1981); Restatement of Contracts § 422(1) (1932). The 'account stated' is 'a debt as a matter of contract implied by law. It is to be considered as one debt, and a recovery may be had upon it without regard to the

items which compose it.' 29 Williston on Contracts § 73:58 (2007).

*Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 464-65 (E.D. Pa. 2008) (applying Pennsylvania law). Thus, "an action for 'account stated' still sounds in contract just like an action for quasi-contract or unjust enrichment, and is no more 'independent' from contract actions generally than a negligence action is independent of tort actions generally." *Id.* at 465. Because an action on account is founded upon contract, the plaintiff must prove the necessary elements of a contract action. *See Worldwide Asset Purchasing LLC v. Stern*, 153 Pitt. L.J. 111 (2004).

Defendant initially objects to plaintiff's failure to allege whether the agreement between debtor and creditor upon which this action is based is either oral or written, in contradiction of Rule 1019(h), and that if the agreement is written, plaintiff fails to conform to Rule 1019(i) by its failure to attach to the complaint the cardholder agreement, including its terms and conditions.[5] In the seminal decision in *Atlantic Credit*, the Superior Court held that in compliance with Pa. R.C.P. 1019(i), the plaintiff in a credit card debt collection case must attach to the complaint (1) a copy of the contract or cardholder agreement between the parties, (2) a statement of account, and (3) evidence of the assignment of the account from the credit card issuer to the alleged assignee. 829 A.2d at 345. That tripartite pleading requirement remains the controlling standard in

---

5. Pennsylvania Rule of Civil Procedure 1019(i) states that "when any claim or defense is based upon a writing, the pleader shall attach a copy of the writing." In the alternative, "if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and set forth the substance of the writing." Pa. R.C.P. 1019(i).

Pennsylvania. *See Discover Bank v. Stucka*, 33 A.3d 82, 87 (Pa. Super. 2011); *Commonwealth Financial Systems, Inc. v. Smith*, 15 A.3d 492, 500-01 (Pa. Super. 2011).

While the Superior Court has held that a signed credit card agreement is not necessary to satisfy Rule 1019(i), a plaintiff must still attach a customer agreement sufficient to establish its claim. *Stucka*, 33 A.3d at 87. Moreover, whenever a claim involves a period of time in which the initial terms and conditions of a credit card agreement apply and other periods of time in which amended terms and conditions apply, the plaintiff must attach both the original and amended terms and conditions with the dates on which they are applicable. *See FIA Card Services, N.A. v. Kirasic*, 156 Pitt.L.J. 39 (2007). "Regardless of whether the debt collection suit is labeled as an 'account stated' or breach of contract action, the plaintiff must attach the relevant writings which substantiate the elements of that cause of action." *Velocity*, No. 11 CV 6995, slip op. *See also Ross*, No. 2010-5668, slip op.; *Opitz*, No. 207-2010-C, slip op.; *Citibank (South Dakota) v. Sabovic*, No. 2940CV2011, slip op. (Monroe Co., June 17, 2011) (Vican, J.).

In the instant case, plaintiff has failed to attach a copy of the terms and conditions of the original agreement between defendant and Citibank, as well as any amendments to the original terms and conditions. Further, plaintiff has failed to set forth in writing why the terms and conditions of the agreement are not accessible to it. Instead, plaintiff has attached a single monthly billing statement. This monthly billing statement alone is not a sufficient substitute for the original agreement.

Credit card contracts are complicated and detailed; interest rates vary according to transaction type, market rate changes, and the amount of debt incurred. Further, fees and penalties are charged for late payments, charges that exceed the credit limit, payments made by phone, and various other services. These terms and conditions are not reflected in the attached billing statement despite the fact that the interest rates and fees they set forth affected the amount of debt allegedly owed by Defendant. Thus, Plaintiff's claim is based on these terms and conditions and they must be attached to the complaint pursuant to Pa.R.CP. 1019(i).

*Main Street Acquisition Corp. v. Lenzie*, No. 9351-CV-2010, slip op. at 5 (Monroe Co., June 28, 2012) (Sibum, J.). *See also Quick*, No. CI-11-00954, slip op. at 4 (In a credit card collection case, "it would be difficult to *see* how a cardholder could intelligently agree to the finance charges, interest and fees which may be included in a statement such as Exhibit A without access to Plaintiff's accounting procedures.").

The account statement which Citibank has attached to the complaint reflects that Rhineer is being assessed interest at a rate of 29.99% per annum. (*See* complaint, exhibit "A.") Since Citibank's proffered "account stated" includes interest charges at that rate, it is incumbent upon Citibank to attach the provision(s) in the cardholder agreement which authorizes the assessment of 29.99% interest. *See Atlantic Credit*, 829 A.2d at 345 ("We decline to editorialize about the current state of consumer debt, but the facts remain that an APR of 29.99% and the associated monthly late fees represent extraordinary damages and a

debtor's acceptance of such conditions must be established by some documentation."). *See also Commonwealth Financial Systems v. Hartzell,* 17 Pa. D.&C.5th 176, 183 (Lawrence Co. 2010); *Velocity,* No. 11 CV 6995, slip op. at 9.

Next, defendant objects to plaintiff's failure to attach the billing statements documenting the charges and credits. Plaintiff counters that exhibit "A," a copy of defendant's August 2010 billing statement, properly sets forth the total balance due and owing and is all that is required for an account stated cause of action.[6] Plaintiff correctly notes that itemized charges are not generally necessary in an action for an account stated because, in such an action, the parties have previously agreed to the balance due to the creditor. However, in order to agree to the balance, the debtor must be presented with sufficient information as to how the balance was computed.

An account stated "traditionally arises when two parties, who engage in a series of transactions with one another, come together to balance the credits and debits and fix upon a total amount owed," and "[t]his final tally, once assented to, becomes the 'account stated'. . . ." *Richburg,* 247 F.R.D. at 464 (*citing David,* 348 Pa. at 341-42, 35 A.2d at 349). *See also L. R. McCoy & Co.. Inc. v. Beiler,* 2011 WL 925410, at * 3 n. 8 (E.D. Pa. 2011). The hallmark of an account stated "is that both parties examine the amount and agree that the *computed amount* is correct." *Id.* (*citing* 29 Williston on Contracts 73:55 (4th Ed. 2007) (emphasis added)). The Restatement (Second) of Contracts, § 282,

---

6. The monthly billing statement attached to plaintiff's complaint did not indicate a single charge made by the alleged account holder.

provides: "An account stated is a manifestation of assent by a debtor and creditor to a stated sum as an *accurate computation* of an amount due the creditor." (Emphasis added.) Our Supreme Court in *Mellon v. Campbell*, 11 Pa. 415, 418 (1849), explained that "[to] make an account stated, there must be a demand on the one side, which is acceded to on the other; and it usually consists of an *account of mutual transactions*, drawn up by one party and exhibited to the other." (Emphasis added.)

Applying these principles, the Honorable Craig P. Miller of Clinton County concluded in *Hull* that a "computation" for purposes of an account stated cause of action in a credit card collection case entails, at a minimum, "the inclusion of constituent figures and mathematical functions applied thereto, which demonstrate how the balance achieved was calculated." *Hull*, #380-2012CV, slip op. at 7. *See also C-E Glass v. Ryan*, 70 Pa. D.&C.2d 251, 254 (Beaver Co. 1975) ("Proper pleading in an action upon an open book account . . . requires that the attached account be more than an unintelligible list of figures, but must be clear and definite charges, not lumped but itemized, showing the nature of the transactions."); *Ryon v. Andershonis*, 42 Pa. D.&C.2d 86, 87 (Schuylkill Co. 1967) (in an account stated lawsuit "Defendant is entitled to a more informative statement of the account, with items not in issue eliminated, and debits and credits properly identified, itemized and segregated"). Thus, in order to adequately plead an account stated, the creditor must provide "factual averments which support Defendant's assent to the correctness of a computation of a liquidated debt, arising from the parties' history of dealings or mutual transactions and which has been

provided to him." *Hull*, #380-2012CV, slip op. at 5. In the instant case, the parties did not come together and agree upon the liquidated debt due the creditor, Citibank.

The August 2010 billing statement attached to plaintiff's complaint as "Exhibit A" bears defendant's name and sets forth a "Previous Balance" of $19,992.35, "Payments" of $8.00, and also sets forth line items of "Other Credits," "Purchases," and "Cash Advances," each respectively reading $0.00 next to each line. (*See* complaint, Exhibit "A.") There was "Interest Charged" in the amount of $74.77. (*Id.*) This results in a "New Balance" and "Minimum Payment Due" of $20,059.12. (*Id.*) A next "Payment Due Date" of September 1, 2010 is also noted on the statement. (*Id.*)

Absent from this single billing statement is any calculation of the "mutual transactions," i.e., the addition of debits for purchases or cash advances and subtraction of credits for payments, by which plaintiff arrived at the "previous balance" of $19,992.35. While a creditor might not be required to attach every single statement detailing each transaction to properly plead an action to collect on an outstanding consumer credit card account, the contents of the instant complaint are insufficient to support a cause of action for an account stated.

Even assuming, *arguendo*, that no itemization of the underlying transactions is required to formulate a "computation" of a liquidated debt in support of an account stated, the addition of interest on exhibit "A" suggests that the alleged account was not yet liquidated but rather constituted an open, unsettled, running account

for revolving credit. *See* Black's Law Dictionary (9th ed. 2009) ("running account" defined as "[a]n open, unsettled account that exhibits the reciprocal demands between the parties" and "revolving credit" as "[a] consumer-credit arrangement that allows the borrower to buy goods or secure loans on a continuing basis as long as the outstanding balance does not exceed a specified limit").

Pennsylvania case law supports the position that liquidation of the account is required prior to such an account being "stated" in the legal sense. *See Rush's Service Center Inc. v. Genareo*, 10 Pa. D.&C.4th 445, 447 (Lawrence Co. 1991) ("The idea behind an action upon account stated is that a preceding contract has been discharged and merged into a stated account which is based upon the earlier contract.). *See also Richburg*, 247 F.R.D. at 464-65 (*quoting Telebase Systems, Inc. v. Gateway Comm'ns. Inc.*, 1988 WL 21845 at 3 (E.D.Pa. March 2, 1988) ("The effect of an account stated is that 'the amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular items. It is a liquidated debt, as binding as if evidenced by a note, bill or bond."); *Donahue*, 157 Pa. Super. at 128-29, 41 A.2d at 880-81 (noting that the predecessor Restatement of Contracts, § 422, states the applicable rule that "[m]atured debts are discharged by a manifestation of assent in good faith by debtor and creditor to a stated sum as an accurate computation of the amount of the matured debt or debts due the creditor. . . .").

In response to averments similar to those in this action, the court in *Hull* concluded:

Taking all of Plaintiff's well-pleaded facts and the inferences deducible therefrom as true and assuming that the billing statement constitutes *prima facie* evidence of prior dealings between Plaintiff and Defendant, it appears in the instant case that, even if Plaintiff transmitted and Defendant received the Exhibit 'A' billing statement, such receipt would constitute no more than an expected regular occurrence, within the scope of an ongoing revolving credit relationship.

*Hull*, #380-2012CV, slip op. at 13. Accordingly, the complaint must be examined in order to ascertain "whether the credit card account was ever liquidated or finalized, thereby triggering a reasonable expectation in defendant that he was no longer being asked to pay according to the alleged revolving credit relationship but was, instead, acquiescing to a final settlement of the alleged account." *Id.*

Plaintiff's complaint in the instant matter is devoid of any factual averment or attached writing indicating that defendant was ever put on notice that plaintiff intended to finalize the alleged credit card account, thereby converting it from an open, running account for revolving credit to a liquidated money demand. Nor is there any averment or writing to suggest that plaintiff ever sought defendant's assent in the correctness of the sum stated on this single billing statement, which was simply part of a regular pattern of monthly billing statements. *See* plaintiff's complaint at ¶ 6 ("Plaintiff mailed to defendant monthly statements for the account including the billing statement attached hereto as Exhibit A...."). Thus, plaintiff has failed to provide a computation of a liquidated debt, which, if

agreed to, would be sufficient to form the basis of an account stated.

The additional requirement of the debtor's assent must be addressed. It is well-settled that the plaintiff in an account stated complaint must include an allegation that the defendant "assented to the correctness of the account submitted to him." *Ryon,* 42 Pa. D.&C.2d at 88. Our case law does provide that acceptance of the written account may be manifested expressly or may be implied from the circumstances. *See Donahue,* 157 Pa. Super. at 129, 41 A.2d at 881; *Rush's Service Center,* 10 Pa. D.&C.4th at 447.

Plaintiff makes no allegation in the complaint that defendant expressly consented to the debt. Nor does plaintiff aver in the pleading that defendant even impliedly assented to the correctness of the account submitted to him. Rather, plaintiff contends *in its brief* that "defendant's prior conduct by making payments and retaining the statement without payment demonstrates a manifestation of assent (Complaint ¶8, ¶9, ¶ 10 and exhibit A establishing that the defendant assented to the account by using the account, making payments on the account, and retaining the statements for the account without payment)."[7] (*See* plaintiff's brief in opposition at 4.)

> Plaintiff here advocates a catch-22 position; if Defendant had made a payment in response to the 'Exhibit A' billing statement, under Plaintiff's

---

7. Curiously, plaintiff cites the court to ¶¶ 8-10 of a complaint which only has 8 paragraphs, suggesting that this was a sloppy job at a "cut and paste" brief. The important point being that the required element of assent is mentioned nowhere in the pleading.

formulation, Defendant would have, by virtue of doing so, verified the correctness of the balance owed as set forth thereupon. On the other hand, according to Plaintiff's allegations, Defendant has failed to act and has, likewise, in Plaintiff's view, verified the correctness of the balance owed by not objecting for nearly two years prior to Plaintiff's filing of this lawsuit.

We outright reject Plaintiff's contention that Defendant's having made a payment on the alleged account, at some indefinite point of time in the past, could constitute Defendant's assent to the correctness of the account balance as set forth in a more or less lump sum as of March 29, 2010, in 'Exhibit A'. We can perceive no circumstances under which a debtor's payment on a *revolving* credit line, at some undefined point in the past, could constitute the debtor's assent to the correctness of a 'computation' which had, at the time of such payment, not yet been computed. The nature of an open running account for revolving credit is that the balances change from period to period due to new charges and/or new payments. Plaintiff's suggestion both lacks specificity in that it fails to state when the payment alluded to was made, as is required by Rules 1019(f) and 1028(a) and, worse, it smacks of temporal impossibility. Even if a specific date, upon which Defendant allegedly made such payment were supplied by Plaintiff, such information could do no more than support that there were pre-existing dealings between Plaintiff and Defendant. We already admit as true, for the purpose of ruling on Defendant's Preliminary Objections, that Plaintiff and Defendant

had some history of dealings pursuant to Plaintiff's averments and in light of the attached 'Exhibit A' billing statement, however Plaintiff's once-upon-a-time payment averment is not a well-pleaded fact, from which we could reasonably infer that Defendant has assented to the correctness of the balance reflected on 'Exhibit A' in support of an 'account stated' cause of action.

*Hull*, #380-2012CV, slip op. at 14 (footnote omitted). I agree with this analysis by the Clinton County Court and similarly reject plaintiff's assertion in its brief and suggestion in its complaint that defendant's implied assent to the account balance is manifested through the prior conduct of defendant in making payment on the account. *See Citibank v. Knepp*, No. 2010-1161 (holding plaintiff's attachment of one monthly statement to the complaint, along with allegation defendant made "many payments," was not sufficient to properly demonstrate assent).

Alternatively, plaintiff relies on the inference of implied assent to the account balance from defendant's silence in response to receipt of the billing statement attached as exhibit "A." Case law provides that a party's retention of a statement of account for an unreasonably long time, without objection, may be a manifestation of assent. *Donahue*, 157 Pa. Super. at 128, 41 A.2d at 881. However, I agree with the view stated by the Court of Common Pleas of Beaver County in *C-E Glass v. Ryan*, that when presenting allegations of a defendant's assent to the amount owed, "something more than mere acquiescence by failure to take exception to a series of statements of accounts received in the mail is required." 70 Pa. D.&C.2d

at 253. *Accord, Braverman Kaskev v. Toidze*, 2011 WL 4851069, at *4 (E.D.Pa. 2011) ("Under Pennsylvania law, [plaintiff's] allegation that [defendant] never contested its bills is not sufficient to show acquiescence in the correctness of the account."). *See also Target National Bank v. Kilbride*, 10 Pa. D.& C.5th 489, 493 (Centre Co. 2010) (holding defendant's mere failure to respond to monthly credit card statements insufficient to establish assent required to maintain account stated claim); *Quick*, No. CI-11-00954, slip op. at 4 (same). As explained by the court in *Hull*:

Adopting Plaintiff's suggested formulation would force mail-receiving credit consumers to maintain an uncomfortably high level of aloofness regarding every invoice received within the paradigm of an ongoing credit relationship for fear that, assuming such invoice constitutes a legitimate expression of dealings between recipient and sender, any snapshot indicia of ongoing transactions might somehow mature, without their knowledge, and, by the mere passage of time, metamorphosize into their assent to its correctness as a debt enforceable absent any showing of the underlying negotiations, bargain, or transactions which culminated in the account. Such a rule is entirely unfair and ignorant of modern realities attendant to consumer credit relationships. We are mindful of the age-old statement by the Pennsylvania Supreme Court that '[a]ny contract or instrument by which it is intended to diminish legal rights which normally accrue as a result of a given legal relationship or transaction must spell out the intention of the parties with the greatest of particularity, since

such contracts or instruments are construed strictly against the party seeking their protection'. *See Morton v. Borough of Ambridge*, 375 Pa. 630, 635, 101 A.2d 661, 663 (1954).

*Hull*, #380-2012CV, slip op. at 15-16. Similarly, in *Samanez*, the Honorable R. Stanton Wettick observed:

It is the position of [the creditor] that in litigation instituted by an issuer to recover money allegedly due, a cardholder cannot question the correctness of the claim unless the cardholder previously questioned the correctness of the invoices upon which the claim is based. If I were to accept [the creditor's] position, I would be creating a rule of law that imposes an obligation on the part of any person receiving an invoice to respond to the issuer of the invoice. There is no body of law which supports this position. If this were to become the law of Pennsylvania, every lawsuit to recover money allegedly due in which invoices were sent would include two counts — a breach of contract count and an account stated count based on the invoices that the plaintiff furnished the defendant.

156 Pitts. L.J. at 80.

In the instant case, Citibank's complaint merely avers that plaintiff mailed Rhineer monthly billing statements, including the statement attached as exhibit "A", and "[b]efore plaintiff mailed Exhibit A, defendant had for many months made payments on account of the billing statement or retained the statement without payment." (*See* Complaint at ¶¶ 6-7.) As our sister courts above have found, the mere failure to lodge an objection to a

single account statement is insufficient to constitute an acceptance of the amount owed, as is required for an account stated claim. *See Capital One Bank v. Clevenstine*, 7 Pa. D.&C.5th 153, 157 (Centre Co. 2009) (relying on defendant's silence to prove acquiescence to an account stated is not permissible); *Wadas*, No. 2012-1705, slip op. at 5 (something more than silence and retention of monthly statements must be averred to demonstrate acquiescence to the correctness of the number appearing on the "single isolated and uninformative billing statement" ); *Velocity*, No. 11 CV 6995, slip op. at 10 (retaining a statement without payment is not tantamount to an assent to or acquiescence in the accuracy of the account amount).

Moreover, I must draw attention to the relatively brief time between the sending of the billing statement and the date on which the instant complaint was filed. Exhibit "A" shows a "Statement Closing Date" of August 4, 2010, and a "Payment Due Date" of September 1, 2010. The instant complaint was filed on March 25, 2011, a mere six months later. "While the court certainly does not condone silence between a creditor and a debtor, the court cannot interpret the debtor's failure of communication to equate to prima facie evidence of acquiescence in an account stated." *Wadas*, No. 2012-1705, slip op. at 8.

### III. Conclusion

Based on the case law set forth above, I find that plaintiff is not relieved of the pleading requirements by claiming default by defendant on an account stated. In the present case, while plaintiff has alleged an amount due, the complaint is devoid of any averment or attached

writing indicating that defendant was ever put on notice that plaintiff sought to finalize the alleged account, thereby converting it to a liquidated money demand or that plaintiff ever sought defendant's consent in the correctness of the sum stated in the billing statement. Moreover, upon review of the pleadings, there are no factual allegations that would support the finding of an express or implied agreement that defendant owes the amount set forth in the billing statement which plaintiff attached to the complaint. As a result, plaintiff has failed to set forth the necessary averments to establish a claim for account stated and defendant's preliminary objections must be sustained.

Accordingly, I enter the following:

## ORDER

And now, this 26th day of April, 2013, upon consideration of defendant's preliminary objections to plaintiff's complaint, plaintiff's response thereto, and the briefs filed by the parties, it is hereby ordered that defendant's preliminary objections are sustained.

It is further ordered that plaintiff's complaint is dismissed without prejudice and plaintiff is granted leave to file a legally sufficient amended complaint in accordance with this court's opinion within 30 days of the date of this order.